UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

_____
                                              )
SIG SAUER, INC.                       )
                                              )
            Plaintiff,         )
                                              )     No.: 1:22-cv-00078-LM
           v.                     )
                                              )
JEFFREY S. BAGNELL, ESQ., LLC, and )
JEFFREY S. BAGNELL,               )
                                              )
                                              )
            Defendants.     )
_____)

**PARTIALLY ASSENTED-TO MOTION OF THE AMERICAN CIVIL LIBERTIES UNION AND THE AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE TO FILE A BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

    The American Civil Liberties Union (ACLU) is a nationwide, nonprofit, nonpartisan organization with approximately two million members and supporters dedicated to the principles of liberty and equality embodied in the Constitution and our nation's civil rights laws. Since its founding in 1920, the ACLU has frequently appeared before courts throughout the country in cases involving the exercise of First Amendment rights, both as direct counsel and as *amicus curiae*. *See, e.g.*, *Hague v Cong. of Indus. Orgs.*, 307 U.S. 496 (1939); *Bartnicki v Vopper*, 532 U.S. 514 (2001); *Snyder v Phelps*, 562 U.S. 443 (2011); *Mahanoy Area Sch. Dist. v B. L.*, 549

1

US \_\_\_, 141 S. Ct. 2038 (2021). The American Civil Liberties Union of New Hampshire (ACLU-NH) is the statewide affiliate of the ACLU and has more than 9,000 members and supporters across the state.

The ACLU-NH has similarly litigated numerous free speech cases both as direct counsel as *amicus curiae*. *See, e.g., Rideout v. State of New Hampshire*, 123 F. Supp. 3d 218 (D.N.H. 2015), *aff'd*, 838 F.3d 65 (1st Cir. 2016), *cert denied*, 137 S. Ct. 1435 (2017) (striking down New Hampshire law banning online "ballot selfies" on grounds that it violates the First Amendment); *Petrello v. City of Manchester*, No. 16-cv-008-LM, 2017 U.S. Dist. LEXIS 144793 (D.N.H. Sep. 7, 2017) (striking down, on First Amendment grounds, Manchester's anti-panhandling ordinance, as well as permanently enjoining Manchester's anti-panhandling police practices); *City of Keene v. Cleaveland*, 167 N.H. 731 (2015) (affirming, in part, dismissal of civil causes of action against speakers on the ground that "the First Amendment shields the respondents from tort liability for the challenged conduct"; as *amicus curiae*); *Automated Transactions, LLC v. American Bankers Association*, 172 N.H. 528 (2019) (affirming dismissal of defamation case alleging that use of the term "patent troll" was defamatory, and concluding that the usage of the term was protected opinion; as *amicus curiae*); *Frese v. N.H. Att'y Gen.*, No. 1:18-cv-01180 (filed on Dec. 18, 2018, and pending appeal at First Circuit) (challenging on vagueness grounds New Hampshire's criminal defamation statute).

Both the ACLU and the ACLU-NH have long opposed prior restraints on speech, particularly speech on matters of public concern. The proper resolution of this case is therefore a matter of substantial interest to the ACLU, the ACLU-NH, and their members. Indeed, this case presents an issue of exceptional importance concerning the propriety of a court issuing a preliminary injunction that would restrain speech that has not been finally adjudicated to be false or misleading in any context. The ACLU and ACLU-NH believe that their experience in the legal issues surrounding free speech rights will make their brief of service to the Court.

Accordingly, the ACLU and ACLU-NH wish to file an *amicus* brief in this case. The ACLU and ACLU-NH are conditionally filing their *amicus* brief with this Motion.

Pursuant to Local Rule 7.1(c), undersigned counsel have made a good faith attempt to obtain concurrence in the relief sought. Counsel for the defendants have assented to the filing of this *amicus* brief. Counsel for the plaintiff do not oppose this motion seeking to file this *amicus* brief, but will file a short response to the motion with the Court to explain their position.

WHEREFORE, the American Civil Liberties Union and the American Civil Liberties Union of New Hampshire request that this Honorable Court grant them leave to file an *Amicus Curiae* brief in this case.

Respectfully submitted,

The American Civil Liberties Union Foundation and the American Civil Liberties Union of New Hampshire,

*/s/ Gilles R. Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
Concord, NH  03301
Tel.:  603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org

Brian M. Hauss (*pro hac vice* application forthcoming)
Laura Moraff (*pro hac vice* application forthcoming)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, Floor 18
New York, NY 10004
Tel.: 212.549.2500
bhauss@aclu.org
lmoraff@aclu.org

Date:  May 23, 2022

4