UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SIG SAUER, INC. <br><br> *Plaintiff,* <br><br> v. <br><br> JEFFREY S. BAGNELL, ESQ., LLC, and <br> JEFFREY S. BAGNELL, <br><br> *Defendants.* | Civil Action No.: 1:22-cv-00078 |

**RESPONSE TO ACLU OF NEW HAMPSHIRE'S MOTION
FOR LEAVE TO FILE AN AMICUS BRIEF**

As Plaintiff SIG Sauer, Inc. ("SIG") noted in its reply brief (D.E. 23), it supports the First Amendment just as strongly as it supports the Second. SIG does not seek to prevent Mr. Bagnell from sharing his theories and opinions about SIG or its P320 pistol—even where those theories and opinions are unfounded—and it does not seek to mute public discourse on issues related to SIG and its products. Mr. Bagnell crosses a line, however, when he makes representations of *fact* about SIG that are demonstrably false and risk irreparably harming SIG's brand and reputation. Representations of fact carry a weight that opinions do not, and courts, acting well within constitutional bounds, therefore properly grant preliminary injunctions under the Lanham Act where the defendant has made false representations of fact about the plaintiff or its product— particularly where, as here, the statements are *literally false* and relate to an *inherent characteristic* of the product. *Cashmere & Camel Hair Manuf. Inst. v. Saks Fifth Avenue*, 284 F.3d 302, 311-12 (1st Cir. 2002).

1

Mindful of the *amici's* concerns, however, SIG met and conferred with counsel for the American Civil Liberties Union and the American Civil Liberties Union of New Hampshire (collectively "ACLU"), and sought to find ways to address those concerns. The discussions were fruitful. SIG agreed to focus the scope of its proposed injunction to make clear that it does *not* seek to prevent Defendants from expressing opinions or theories, however unfounded or misguided, so long as Defendants do not make literally false statements about the inherent characteristics of SIG's product as they did in the Animation, and to make clear that SIG is not seeking to use this injunction to impact the conduct of any other litigation, as such other litigation is under the supervision of other judges in other courts based on the individual facts and circumstances presented there. Attached as Exhibit 1 is a revised draft of the proposed order. On the issue of prior restraint, SIG proposed formally converting the already-scheduled preliminary injunction evidentiary hearing into a final adjudication on the merits as to falsity,[1] which the ACLU indicated would address their concerns at least in part, but Defendants did not consent. To be clear, SIG does not believe these steps are required, because this case does not actually present First Amendment concerns, but SIG proposes them to be more clear as to the injunctive relief it seeks, and SIG remains willing to abide by its proposal.

Ultimately, this is not a First Amendment case because no reasonable person would view the Animation as depicting a "theory" or "opinion", as Defendants argue. Not only do these words

---

[1] Regardless, at the evidentiary hearing SIG intends to prove that the Animation contains numerous representations of fact that are literally false and relate to an inherent characteristic of the P320. If SIG is successful, the Court will have a basis to find that SIG has also met its burden of proving materiality and tendency for consumer deception. *Cashmere & Camel Hair Manuf. Inst. v. Saks Fifth Avenue*, 284 F.3d 302, 311-12 (1st Cir. 2002). By conducting such an evidentiary hearing, the court avoids process-based concerns about prior restraint. *See* D.E. # 26 (ACLU's Motion for Leave) at 3 (arguing that this case concerns the "propriety of a court issuing a preliminary injunction that would restrain speech that has not been finally adjudicated to be false or misleading").

not appear, but the Animation actually indicates that the depiction of the components of the P320 is factual by highlighting in the opening frames that it is based on CT scans, a medium associated with precision and accuracy. Thus, when the Animation depicts a sear and a striker that prominently appear lumpy and malformed, a reasonable person would assume that it is how the parts actually look. But it is not. As SIG showed in its preliminary injunction papers, the lumpy and malformed appearance is not due to "excess material [that] SIG should have machined off," as Mr. Bagnell claimed in his affidavit *see* D.E. #22-1 (Bagnell Aff.), ¶ 53, but rather due to the accumulation of grease on the face of the part in a photograph which Defendants then transposed onto the other part and depicted in the Animation as if it were the way the part actually looked. *See* D.E. 23, at 1-7. Similarly, a reasonable person viewing the portion of the Animation supposedly showing the striker foot "walking off" the sear would assume that the internal dimensions of the gun and the tolerances of internal components—purportedly determined by CT scans, no less—would allow sufficient vertical movement for the striker foot to clear the top of the sear notch. But once again, that reasonable understanding would be wrong, because in the Animation the slide and the rail (two physical parts) are merged into each other (in a part of the Animation that is obscured) to occupy the same space at the same time – a physical impossibility – in order for the bottom of the sear foot to appear to clear the top of the sear. *See* D.E. 23 at 13-14.

The New Hampshire Supreme Court's opinion in *Automated Transactions, LLC v. American Bankers Association*, a case in which the ACLU appeared as *amicus curiae*, is instructive. 172 N.H. 528 (2019). There, in holding that calling someone a "patent troll" is an expression of opinion, not fact, the court noted that "[a]n important criterion for distinguishing

3

statements of opinion from statements of fact is verifiability, *i.e.*, whether the statement is capable of being proven true or false." *Id.* at 533.  The court added that "[w]here an expressive phrase, though pejorative and unflattering, cannot be objectively verified, it belong squarely in the category of protected opinion." *Id.*  Here, of course, the representations in the Animation about the components of the P320 *can* be objectively verified: the components can be examined, photographed, viewed through a microscope, and measured.  They are representations of fact, and they are false.

*Automated Transactions* also makes clear that the solution is not simply to add a disclaimer to the Animation claiming that it is Defendants' opinions and theories because expressions of opinion often imply an assertion of objective fact.  Here, the alleged "opinion" does not simply *imply* assertions of fact, but rather states them explicitly.  It includes factual representations that are verifiable simply by examining the Animation against the gun used to create it (access to which the Defendants have refused to provide).  Ordering those false factual representations to be removed or corrected does not present First Amendment concerns.

While SIG appreciates the ACLU's commitment to protecting the First Amendment and does not object to the filing of the proposed *amicus* brief, it simply does not agree that this case raises First Amendment concerns.  From SIG's perspective, the ACLU's concerns are best addressed by focusing the scope of the proposed order (which SIG has now done) and by proceeding to a hearing on the merits regarding whether the Animation contains literally false representations of fact about inherent characteristics of the P320 (which it does).

4

Dated:  May 23, 2022

Respectfully submitted,
SIG Sauer, Inc.

By its attorneys,
*/s/ Neil Austin*
Anthony D. Mirenda (*pro hac vice*)
K. Neil Austin (*pro hac vice*)
Stephen K. Garvey (*pro hac vice*)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617-832-1000
Facsimile:  617-832-7000
amirenda@foleyhoag.com
naustin@foleyhoag.com
sgarvey@foleyhoag.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of this document, which was filed via the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Neil Austin  
                                              Neil Austin

Dated: May 23, 2022