UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIG SAUER, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>JEFFREY S. BAGNELL, ESQ., LLC,<br>and JEFFREY S. BAGNELL.<br><br>*Defendants.* | Civil Action No.: 3:22-cv-00885-JAM<br><br>November 17, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO DISMISS COUNTERCLAIMS AGAINST SIG SAUER, INC.**

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff SIG Sauer, Inc. ("SIG") requests that the Court dismiss Counts One through Three of the Defendants' Counterclaims against SIG Sauer, Inc.[1] as set out in Defendants' Answer, Affirmative Defenses and Counterclaims ("Defendants Counterclaims").

## Introduction

Count One ("defamation/libel per se") of Defendants' Counterclaims is based on a statement contained in a March 3, 2022 Press Release discussing the filing of this lawsuit. Count One fails to state a claim because the statement at issue is not a defamatory statement as a matter of law. The challenged statement is a truthful and accurate description of the lawsuit filed by SIG and SIG's belief in the merit of its claims, is protected by the fair report privilege, and is a non-

[1] Count Four of Defendants' Counterclaims is in fact a third party claim asserted against an individual not previously a party to this case. That individual waived service of process in accordance with Fed. R. Civ. P. 4(d) on November 11. In accordance with that Rule, his responsive pleading as to that count would be due 60 days later, although it is anticipated that a motion to dismiss that count will be filed within 21 days.

actionable statement of SIG's opinion. Count Two (Connecticut Unfair Trade Practices Act, or CUTPA) and Count Three (interference with contract) seek to impose liability based on the filing of this lawsuit. Both counts fail to state a claim as a matter of law because the litigation privilege absolutely bars claims under CUTPA or for interference with contract based on the filing of a lawsuit. Consequently, all three Counterclaims must be dismissed.

## **Argument**

### I. Applicable Legal Standards

The standard governing a motion to dismiss under Rule 12(b)(6) is well established. A complaint may not survive unless it alleges facts that, taken as true, give rise to plausible grounds to sustain the plaintiff's grounds for relief. *See Brownback v. King*, 141 S. Ct. 740, 749 (2021); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[W]hile this plausibility pleading standard is forgiving, it is not toothless. It does not require [the Court] to credit legal conclusions couched as factual allegations or naked assertions devoid of further factual enhancement." *Stubbs v. Gerken*, No. 3:21CV01525(SALM), 2022 U.S. Dist. LEXIS 177040, at *3 (D. Conn. Sept. 29, 2022) (quoting *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 207 (2d Cir. 2020)). A complaint that engages in a threadbare recital of the elements of a cause of action but that fails to include supporting factual allegations does not establish plausible grounds for relief. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019).

Where the defects in a claim are substantive and not amenable to cure, the claim should be dismissed with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The

problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## II. Count One Should Be Dismissed Because The Challenged Statements In SIG's March 3, 2022 Press Release Are Not "Defamatory Statements."

To succeed on their defamation[2] counterclaim, Defendants must demonstrate, among other things, that SIG published a "defamatory statement." *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013) (applying Connecticut law). For a statement to be defamatory, it must be one of fact, rather than opinion, and it must be false. *See Devone v. Finley*, No. 3:13-CV-00377 (CSH), 2014 U.S. Dist. LEXIS 36356, at *24 (D. Conn. Mar. 20, 2014).

As a threshold issue, Defendants have not made clear *which* statements in SIG's March 3, 2022 Press Release they allege are defamatory. "Under Connecticut law, a plaintiff must meet 'somewhat particular pleading requirements for a defamation' claim." *Stubbs*, 2022 U.S. Dist. LEXIS 177040, at *33 (quoting *Naughton v. Gutcheon*, No. 3:21-CV-00402 (KAD), 2022 U.S. Dist. LEXIS 126465, at *6 n.14 (D. Conn. July 18, 2022)). A defamation claim "must be pleaded with specificity, as the precise meaning and choice of words employed is a crucial factor in any evaluation of falsity." *Id.* (quoting *Stevens v. Helming*, 163 Conn. App. 241, 248 n.3 (2016)). A complaint for defamation must, on its face, "*specifically identify what allegedly defamatory statements were made*, by whom, and to whom." *Id.* (emphasis added). "Imprecise pleading is *not permitted* in the context of alleged defamation." *Id.* (emphasis added).

---

[2] The caption of Defendants' Count One reads: "Defamation/Libel Per Se." As courts in this District have explained, "[d]efamation is a catch-all term that both encompasses libel (written defamation) and slander (oral defamation)." *Chiaravallo v. Middletown Transit Dist.*, 561 F. Supp. 3d 257, 289 (D. Conn. 2021) (citing *Gambardella v. Apple Health Care, Inc.*, 86 Conn. App. 842, 849 (Conn. App. 2005)). For the avoidance of any doubt, Defendants seek dismissal of Count One in its entirety, whether it purports to state a claim for defamation or libel per se.

In Count One, Defendants make the generic assertion that "Sig's statements in its March 2022 press release were false." D.E. #82 at ¶ 122. This imprecise pleading does not come close to meeting the requirement under Connecticut law that a defamation claim must be pleaded with specificity. This kind of threadbare assertion does not establish plausible grounds for relief. *See Hernandez*, 939 F.3d at 198.

Aside from one fleeting reference,[3] the first 111 paragraphs of Defendants' Counterclaims *make no mention* of the March 3, 2022 Press Release. The only meaningful discussion of that Press Release spans just two paragraphs – D.E. #82 at ¶¶ 113-114. In those two paragraphs, Defendants identify only the following two sentences from the Press Release:

> *SIG SAUER believes that these misrepresentations are willful in nature and is taking action, with the filing of this complaint, to ensure that* ***Mr. Bagnell is not allowed to continue deceiving the public about the safety of the P320 and use such deceptions in an attempt to generate business for his legal practice.*** *SIG SAUER is confident that it will prevail on the merits of this case.*

D.E. # 82 at ¶ 113 (emphasis in Defendants' Counterclaims).

Defendants identify no other specific statements from the Press Release in their Counterclaims. Consequently, nothing else in the Press Release, aside from the excerpt above, is at issue. Because the particular statements in SIG's March 3, 2022 Press Release that Defendants allege are defamatory are in fact true, are subject to the fair report privilege, and are non-actionable opinions, the Court should dismiss Count One of the Counterclaims.

[3] This reference, in paragraph 44 of the Counterclaims (D.E. #82 at ¶ 44), can have no bearing on the defamation count because it does not refer to Mr. Bagnell or his firm at all. *See Dongguk*, 734 F.3d at 123; *see also Devone*, 2014 U.S. Dist. LEXIS 36356, at *25 ("A required element of a prima facie case of defamation is that an allegedly defamatory statement must identify the plaintiff to a third person.").

**a. The Allegedly Defamatory Statements In SIG's March 3, 2022 Press Release Are Not "Defamatory Statements" Because They Are True, And, Additionally, They Are Subject To The Fair Report Privilege.**

Defendants' defamation claim must fail because the statements from the March 3, 2022 Press Release identified in Defendants' Counterclaims are accurate descriptions of the lawsuit brought by SIG. "[T]ruth is an absolute defense to an allegation of defamation." *Devone*, 2014 U.S. Dist. LEXIS 36356, at *24. A defendant need not even establish the literal truth of the allegedly defamatory statement. A "defendant will not be held liable as long as the statements at issue are substantially true." *Woodcock v. Journal Publishing Co., Inc.*, 203 Conn. 525, 554 106 (1994). Here, however, comparing SIG's lawsuit with the challenged statements in the Press Release *does* establish that each of the allegedly defamatory statements from SIG's March 3, 2022 Press Release provides a literally true description of the allegations in SIG's complaint and of SIG's belief in their merit.

First, the challenged sentence in the Press Release states: "SIG SAUER believes that these misrepresentations are willful in nature." This should come as no surprise – it is a truthful and accurate description of SIG's belief in the merits of the allegation in SIG's complaint that "[t]hese false depictions appear to be willful." D.E. #1 at ¶ 3; D.E. #62 at ¶ 3.

Second, the Press Release states that: "SIG SAUER . . . is taking action, with the filing of this complaint, to ensure that Mr. Bagnell is not allowed to continue deceiving the public about the safety of the P320 and use such deceptions in an attempt to generate business for his legal practice." This, too, is a truthful and accurate description of the action being taken by SIG, *i.e.*, the filing of its complaint and the accompanying request for injunctive relief. Indeed, it is evident from the first page of SIG's complaint that it believes Mr. Bagnell and his firm are deceiving the public about the safety of the P320 by publishing the Animation containing the

specific literally false statements that are identified in SIG's complaint, and that SIG filed this lawsuit and sought injunctive relief to *prevent* such deception from continuing:

> The animation's message is false, and critical images that compromise it are distorted, manipulated, or otherwise false and misleading, do not accurately portray the P320's internal components, and conspicuously omit or alter a number of safety features that would prevent such an uncommanded discharge. If not enjoined, the animation risks irreparably harming the SIG brand, causing significant financial losses, and *misleading the public*.

D.E. #1 at 1 (emphasis added); D.E. #62 at 1 (emphasis added). And it is a true and accurate description of the allegations in SIG's complaint that Defendants made commercial use of the Animation. D.E. #1 at ¶¶ 15-17; D.E. #62 at ¶ 17.

Finally, the statement in the Press Release that SIG "is confident that it will prevail on the merits of this case" is a true statement of SIG's belief in the merits of this lawsuit.[4]

As the above comparisons demonstrate, the statements from the March 3, 2022 Press Release challenged in Defendants' Counterclaims in fact provide a true description of the allegations in SIG's complaint and therefore cannot support a defamation claim. Although the Court need not consider other statements in the Press Release – as Defendants did not put any other statements at issue – the same is true about the Press Release as a whole (i.e., it provides an accurate description of the litigation, explaining that SIG filed a lawsuit in federal court for defamation and summarizing the allegations in SIG's complaint).

The truth of these statements "is an absolute defense to an allegation of defamation." *Devone*, 2014 U.S. Dist. LEXIS 36356, at *24. Defendants' defamation Counterclaim should, accordingly, be dismissed on that basis.

---

[4] SIG has introduced ample evidence into the record to support its belief in the merits of its claims, including the expert declarations and other exhibits SIG attached to its renewed motion for a preliminary injunction. *See* D.E. #63; D.E. #63.1-63.13.

Relatedly, since the March 3, 2022 Press Release provides a truthful report of the litigation and the allegations in SIG's complaint, the fair report privilege applies, providing an additional basis for dismissal of Defendants' defamation Counterclaim. This "well-established" privilege provides that, "[t]he publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." *Naughton v. Gutcheon*, No. 3:21-CV-00402 (KAD), 2022 U.S. Dist. LEXIS 126465, at *8 (D. Conn. July 18, 2022) (granting defendants' motion to dismiss plaintiff's defamation claim because such claims were constitutionally barred under the fair report privilege) (citing 3 Restatement (Second), Torts, Report of Official Proceeding or Public Meeting § 611, p. 297 (1977)). This privilege commonly applies to reports made by newspapers or broadcasting stations; however, the Restatement makes clear that, "[i]t is not . . . limited to these publishers. It extends to any person who makes an oral, written or printed report to pass on the information that is available to the general public." 3 Restatement (Second), *supra*, § 611, comment (b).

SIG's Press Release is a report of an official action or proceeding (i.e., the filing of the instant suit), and that report accurately captures the litigation and the allegations in SIG's complaint. *See Naughton*, 2022 U.S. Dist. LEXIS 126465, at *9 (noting that "[t]he accuracy required is to the *proceedings*, not to the objective truth of the [alleged] defamatory charges") (emphasis added). Moreover, the report need only convey a "substantially correct account of the proceedings." *Id.* As already explained in detail, SIG's Press Release does *at least* that.

**b. The Challenged Statements In SIG's March 3, 2022 Press Release Are Not "Defamatory Statements" Because They Are Opinions.**

As an additional, and distinct, basis for dismissal of Count One, the statements in SIG's March 3, 2022 Press Release at which Defendants take aim are opinions, not facts. Therefore, they cannot be "defamatory statements." *See Devone*, 2014 U.S. Dist. LEXIS 36356, at *24.

Whether a statement is an expression of fact or a non-actionable opinion is a question of law for the court. *Mr. Chow of N.Y. v. Ste Jour Azur S.A.*, 759 F.2d 219, 224 (2d Cir. 1985). In distinguishing between fact and opinion, courts focus on whether an ordinary person would understand the statement as an expression of the speaker's opinion or an existing fact. *See Stubbs*, 2022 U.S. Dist. LEXIS 177040, at *35. Courts also consider the "full context of the communication in which the statement appears, while also considering the broader social context or setting surrounding the communication." *Chau v. Lewis*, 771 F.3d 118, 129 (2d Cir. 2014).

The statements from the March 3, 2022 Press Release identified in Defendants' Counterclaims reflect SIG's beliefs about Mr. Bagnell's misrepresentations and its opinion about the overall merits of its case. *See, e.g.*, D.E. # 82 at ¶ 113 ("SIG SAUER *believes* that these misrepresentations are willful in nature," and "SIG SAUER is confident that it will prevail on the merits of this case.") (emphasis added). An ordinary reader of these statements would understand SIG to be expressing its opinion about its own claims and its views as to the probable outcome of the litigation. Indeed, examining the Press Release as a whole, as required by the Second Circuit in *Chau*, demonstrates that the challenged statements are made in the context of a Press Release clearly intended, more broadly, to describe SIG's claims in a litigation and SIG's opinion as to the validity of those claims.

Courts in the Second Circuit have characterized press releases – like SIG's – that emphasize the strength of a party's litigation position as "non-actionable statements of opinion as

to the probabl[e] outcome of the litigation." *Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n*, 796 F. Supp. 2d 458, 471 (S.D.N.Y. 2011). Courts have also found that statements condemning an opponent's legal claims as "baseless," "absurd," "ridiculous" or "meritless" are inactionable statements of opinion. *See id.* (citing cases). Such descriptions are "nothing more than the predictable opinion of one side to the lawsuit." *Ferlauto v. Hamsher*, 88 Cal. Rptr. 2d 843, 850 (1999) (internal quotation marks omitted).

This Court, too, should conclude that – because Defendants' defamation claim targets statements of opinion expressed in SIG's March 3, 2022 Press Release – it should be dismissed. *See Devone*, 2014 U.S. Dist. LEXIS 36356, at *24.

## III. Count Two (CUTPA) Should Be Dismissed As Barred By The Litigation Privilege And Because The Alleged Statements Are Not Defamatory.

### a. The Court Should Dismiss Defendants' CUTPA Claim Because It Is Barred By The Litigation Privilege.

As a threshold matter, Defendants do not identify in Count Two what particular conduct they claim violated CUTPA. Instead, Defendants make the generic and sweeping allegation that, "[b]y reason of the foregoing acts, [SIG] is liable . . . ." D.E. #82 at ¶ 128. However, in paragraph 112, Defendants appear to set out the premise of their Counterclaims, stating "I believe this lawsuit was designed to slander, silence, intimidate and burden me . . . ." However, "this lawsuit" cannot form the basis of a CUTPA claim as the filing of a lawsuit is absolutely privileged against CUTPA claims.

Connecticut courts "consistently have applied the litigation privilege to dismiss CUTPA claims based on communications made during and relevant to a prior judicial proceeding." *Deutsche Bank AG v. Vik*, 214 Conn. App. 487, 509 (Conn. App. 2022). The litigation privilege consequently bars CUTPA claims where the filing of a lawsuit constitutes the allegedly unlawful act or practice on which the claim is predicated. *See id.* (finding that the litigation privilege

barred a CUTPA action based in part on "the alleged filing of false and/or frivolous actions and appeals").

Nor can Count Two escape dismissal merely because the breadth of Defendants' generic claim could sweep within it SIG's Press Release. Where out-of-court conduct (such as the Press Release here) is inexorably linked with statements or conduct made during the course of litigation, such out-of-court conduct may not form the basis of a CUTPA claim. *See id.* ("[A]lthough the complaint does include allegations of extrajudicial conduct, the complaint is permeated with allegations pertaining to defendants' communications and participation in prior judicial proceedings, which are both central to the plaintiff's claims and inextricably intertwined with the allegations of extrajudicial conduct."). Such a rule is essential to the preservation of the litigation privilege, as "[t]o hold otherwise would permit parties to proceed with claims that otherwise are barred by the litigation privilege simply by adding allegations concerning conduct that is outside the privilege." *Id.* at 510 (*citing Chadha v. Charlotte Hungerford Hosp.*, 272 Conn. 776, 786 (2005)) ("[L]ike sovereign immunity, doctrine of absolute immunity protects against suit as well as liability – in effect, against having to litigate at all" (internal quotation marks and emphasis omitted)).

SIG's filing of this suit is clearly privileged. SIG's March 3, 2022 Press Release, announcing the filing of this case and stating SIG's opinion regarding its likelihood of success, is inextricably tied to this litigation. Because Defendants' Counterclaims are "permeated with allegations pertaining to defendant's communications and participation" in this litigation, the entirety of Count Two must be dismissed. *See Vik*, 214 Conn. App. at 509.

**b. The Court Should Dismiss Defendants' CUTPA Claim Because It Depends On Challenged Statements That Are Not In Fact Defamatory.**

Where a CUTPA claim is based on an allegedly defamatory statement, that claim must fail if the statement is in fact true. *Vaneck v. Countrywide Home Loans Corp.*, CV044001571S, 2006 Conn. Super. LEXIS 151, *11 (Super Ct. Jan. 11, 2006) ("Collateral estoppel has established the truth of [plaintiff's] assertions and thus they are not defamatory and cannot be the basis of a CUTPA claim."); *Mello v. Conn. Republican State Cent. Comm.*, 2001 Conn. Super. LEXIS 3228, *21 (Super. Ct. Nov. 13, 2001) ("Because [Plaintiff] did not satisfy his burden of proving that the statements [challenged] were false or made with actual malice, [Plaintiff] also failed to prove that the [Defendants] violated CUTPA."). For the reasons set forth above, SIG's Press Release was a truthful and accurate description of SIG's complaint and SIG's belief in the merits of the lawsuit it brought, and in any case was a statement of opinion not capable of being adjudicated "false." As a result, the Press Release cannot form the basis of a CUTPA claim.

**IV. Count Three, Alleging Intentional Interference With Contract, Similarly Is Barred By The Litigation Privilege.**

The Court should dismiss Defendants' Counterclaim against SIG for interference with contract as the litigation privilege bars that claim. Just as with CUTPA, statements "made in the course of a judicial or quasi-judicial proceeding" are absolutely immune from a claim for interference with contract. *Rioux v. Barry*, 283 Conn. 338, 351 (2007). Consequently, a party may not rely on an opponent's filing of a complaint, even if it is alleged to be frivolous or harassing, as the basis for a claim of intentional interference as "no communication [is] more clearly protected by the litigation privilege than the filing of a legal action." *Vik*, 214 Conn. App. at 500-01.

Here, Defendants base their interference with contract claim exclusively on SIG filing this action against Mr. Bagnell and his firm. D.E. #82 at ¶ 133. Specifically, Defendants allege that "Sig has intentionally tried to interfere with the performance of these contracts *by burdening Bagnell with this litigation* . . . ." *Id.* (emphasis added). The ligation privilege clearly bars such a claim. *See Vik*, 214 Conn. App. at 492 (finding that an allegedly "frivolous" claim allegedly timed to interfere with the forced sale of stock by a judgement creditor was absolutely privileged from a claim for interference with contract).

**Conclusion**

For the foregoing reasons, SIG requests that the Court dismiss Counts One through Three of Defendants' Counterclaims with prejudice.

Dated: November 17, 2022

Respectfully submitted,

SIG Sauer, Inc.

By its attorneys,

*/s/ James R. Smart*
James R. Smart (CT Bar ct20982)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
Southport, CT 06890
Telephone: 203-319-4039
Fascimile: 203-259-0251
jsmart@mcmc-law.com

Jeffrey I.D. Lewis (CT Bar # ct13599)
Foley Hoag, LLP
1301 Avenue of the Americas, 25th Floor
New York, New York 10019
Telephone: 212-812-0400
Facsimile: 212-812-0399
jidlewis@foleyhoag.com

Anthony D. Mirenda (*pro hac vice*)
K. Neil Austin (*pro hac vice*)
Stephen K. Garvey (*pro hac vice*)
Foley Hoag LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone: 617-832-1000
Facsimile: 617-832-7000
amirenda@foleyhoag.com
naustin@foleyhoag.com
sgarvey@foleyhoag.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this document, which was filed via the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ James R. Smart
James R. Smart

Dated: November 17, 2022



\