UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIG SAUER, INC.,<br>    *Plaintiff and Counterclaim Defendant*,<br><br>v.<br><br>JEFFREY S. BAGNELL, ESQ., LLC and<br>JEFFREY S. BAGNELL**,**<br>    *Defendants and Counterclaim*<br>    *Plaintiffs*,<br><br>v.<br><br>RONALD J. COHEN,<br>    *Counterclaim Defendant.* | CIVIL ACTION NO. 3:22-cv-885 (JAM)<br><br><br><br><br><br><br><br><br><br><br>JULY 17, 2023 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTIONS TO DISMISS COUNTERCLAIMS AND DENYING MOTION FOR LEAVE TO FILE ADDITIONAL EXHIBIT**

Pursuant to Local Rule 7(c), Defendants and Counterclaim Plaintiffs Jeffrey S. Bagnell, Esq., LLC and Jeffrey S. Bagnell (collectively, the "Bagnell Parties") hereby move this Court for reconsideration of its July 10, 2023 Order Granting Motions to Dismiss Counterclaims and Denying Motion for Leave to File Additional Exhibit ("Order"). The Order held that the fair report privilege applies to Plaintiff and Counterclaim Defendant Sig Sauer, Inc. ("Sig Sauer") with respect to the Bagnell Parties' defamation counterclaims based on the March 3, 2022 press release. The Restatement (Second) of Torts § 611, "Report of Official Proceeding or Public Meeting," however, contains an exception under comment (c) that is directly contrary to this Court's ruling. Substantial case law is in accord with this exception. The Bagnell Parties respectfully submit that the Court overlooked controlling law that would change the outcome of the Order.

1

63942807 v3

**ARGUMENT**

In Connecticut, the fair report privilege is found in common law. Connecticut state and federal courts rely on the Restatement (Second) of Torts § 611 in affording the fair report privilege. *See Elder v. 21st Century Media Newspaper, LLC*, 204 Conn. App. 414, 422, 254 A.3d 344, 352 (2021) (relying on and citing to the Restatement (Second) of Torts § 611 for the fair report privilege); *see also Naughton v. Gutcheon*, No. 3:21-CV-00402 (KAD), 2022 WL 2802335, at *5 (D. Conn. July 18, 2022) (same). Indeed, this Court cited to and relied on the Restatement in the Order.

The Restatement (Second) of Torts § 611, cmt. (c), states that the fair report privilege is "commonly exercised by newspapers, broadcasting stations and others who are in the business of reporting news to the public." As this Court also noted in the Order, this privilege is not limited to these publishers and "extends to any person who makes an oral, written or printed report to pass on the information that is available to the general public." <u>But the Restatement does not stop there</u>. It continues with a subsequent illustration of the main rule of who may exercise the privilege and an exception to this main rule—namely, that this privilege cannot be self-conferred. The paragraph after Illustration 2 states that, "[a] person cannot confer this privilege upon himself by making the original defamatory publication himself and then reporting to other people what he had stated. This is true whether the original publication was privileged or not."

Numerous courts that similarly rely on the Restatement (Second) of Torts § 611 for the fair report privilege have held that, under the Restatement, the fair report privilege cannot be self-conferred. *See, e.g.*, *Sun v. Xu*, No. 19-2242, 2020 WL 12815227, at *3 (C.D. Ill. May 6, 2020) (applying the Restatement (Second) of Torts § 611, cmt. (c), self-conferring exception); *ZS Assocs., Inc. v. Synygy, Inc.*, No. CIV.A. 10-4274, 2011 WL 2038513, at *3 (E.D. Pa. May 23,

2011) (same); *The Knit With v. Knitting Fever, Inc.*, No. CIV.A. 08-4221, 2010 WL 3792200, at *5 (E.D. Pa. Sept. 28, 2010) (same); *Kurczaba v. Pollock*, 318 Ill. App. 3d 686, 708, 742 N.E.2d 425, 442 (2000) (same); *POET, LLC v. Nelson Eng'g, Inc.*, No. CV 17-4029, 2018 WL 791254, at *6 (D.S.D. Feb. 7, 2018) (discussing Restatement under South Dakota law).

More specifically, some courts have encountered the same set of facts present in this case and held that the fair report privilege does not attach to a plaintiff in a publication containing defamatory statements arising from his or her own complaint. For example, in *ZS Assocs., Inc. v. Synygy, Inc.*, the plaintiff "filed a complaint that included arguably defamatory statements concerning [the defendants]. Then, it issued a press release describing the complaint in some detail and republishing the allegedly defamatory statements." 2011 WL 2038513, at *5. The court held that, "[u]nder these circumstances, [the plaintiff] cannot invoke the fair report privilege." *Id.*

"The purpose of this ['self-conferring'] exception is clear: it prevents a plaintiff from filing a lawsuit containing defamatory allegations and then 'reporting' such defamatory allegations with impunity." *ZS Assocs., Inc.*, 2011 WL 2038513, at *4. This "self-conferring" exception "prevents [parties] from using the privilege as a sword rather than a shield. It precludes a party republishing its own statement from receiving protection for such republishing based solely on the (alleged) grounds that the republishing constitutes a 'fair reporting' of the party's original statement." *Am. Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820, 846 (M.D. Tenn. 2021). "An important reason for this position has been to prevent implementation of a scheme to file a complaint for the purpose of establishing a privilege to publicize its content and then dropping the action." *Argentieri v. Zuckerberg*, 8 Cal. App. 5th 768, 792 (2017).

In its analysis, this Court mainly relied on two New York federal district court cases. *See Wexler v. Allegion (UK) Limited*, 374 F. Supp. 3d 302 (S.D.N.Y. 2019); *Abkco Music, Inc. v.*

3

*William Sagan, Norton LLC*, 2016 WL 2642224 (S.D.N.Y. 2016). These cases, however, are readily distinguishable from the present case and the cases discussed above because they only discuss and apply the fair report privilege under a New York statute that does not include the self-conferred exception to the privilege. They therefore do not consider or mention the Restatement. *See, e.g.*, *Argentieri*, 8 Cal. App. 5th at 793 (explaining that the Restatement did not have authority in that case because the fair and true reporting privilege in California is created by statute, while the Restatement summarizes principles of common law); *see also Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180, 187 (6th Cir. 2003) ("Because we find that the plain language of the statute clearly directs our decision, we find no reason to consider the Second Restatement.").

The Restatement (Second) of Torts § 611's exception precludes the application of the fair report privilege on Sig Sauer's press release statements and the privilege therefore does not apply to the Bagnell Parties' defamation count. The applicability of this controlling law, and the strong likelihood that Connecticut state courts will follow the Restatement in this regard, warrants reconsideration of the Order. Therefore, the defamation claim should not have been dismissed and, because the Connecticut Unfair Trade Practices Act and aiding and abetting claims would be directly affected by this outcome, these derivative claims should have similarly survived on this ground.

## CONCLUSION

For these reasons, the Bagnell Parties respectfully move that this Court reconsider its Order and not dismiss the counterclaims under the fair report privilege.

4

Respectfully submitted,

JEFFREY S. BAGNELL, ESQ., LLC, and JEFFREY S. BAGNELL,

By Its Attorneys,


*/s/   William S. Fish, Jr.*
William S. Fish, Jr.
Federal Bar No. (ct24365)
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th FL
Hartford, CT 06103
860-331-2856
860-278-3802 (Fax)
wfish@hinckleyallen.com

Jeffrey S. Bagnell
Federal Bar No. CT18983
55 Post Road West, Suite 200
Westport, Connecticut 06880
(203) 984 8820
jeff@bagnell-law.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                    */s/     William S. Fish, Jr.*
                                    William S. Fish, Jr.  (ct24365)

63942807 v3