Case 2:22-cv-00885-VAR Document 156-7 Filed 02/13/24 Page 1 of 36

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or the "Settlement") is entered into, subject to approval of the Court consistent with the Federal Rules of Civil Procedure, by and between Chris P. Carter ("Plaintiff"), for himself and the Settlement Class Members (as defined below), and The Taurus Companies (as defined below) in the Action (as defined below). The Taurus Companies, Class Counsel (as defined below) and Plaintiff stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement, and upon the Effective Date (as defined below), all claims of Plaintiff and the Settlement Class Members against The Taurus Companies in the Action shall be settled, compromised, released, and dismissed on the merits and with prejudice upon the terms and conditions contained in this Agreement.

## I.    RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.    On September 22, 2014, Plaintiff filed a First Amended Class Action Complaint seeking monetary damages, injunctive, and other relief against The Taurus Companies in connection with alleged defects in the design and manufacturing of the Class Pistols (as defined below).  The Taurus Companies filed separate Answers and Affirmative Defenses to the First Amended Class Action Complaint on February 23, 2015.

B.    Plaintiff sought damages and equitable relief in this case on behalf of himself and putative class members, premised on alleged economic losses, and did not seek damages or other relief for personal injury or property damage claims.

C.      The Parties (as defined below) engaged in voluminous and extensive written discovery and depositions regarding the claims and defenses at issue in the Action.

D.      The Taurus Companies vigorously deny the claims asserted in the Action and deny all allegations of wrongdoing and liability.  The Taurus Companies maintain that they have consistently acted in accordance with governing law and have indicated their intent to contest the claims against them in the Action.  The Taurus Companies have nonetheless concluded that it is in their best interest that the Action be settled on the terms and conditions set forth in this Agreement.  The Taurus Companies have reached this conclusion after considering the factual and legal issues in the Action, the substantial benefits of resolving the Action, the expense that would be necessary to defend the Action throughout trial and any appeals that might be taken, the benefits of disposing of protracted and complex litigation, and the desire of the Taurus Companies to conduct its business unhampered by the distractions of continued litigation.

E.      The Parties engaged in substantial and prolonged settlement negotiations, including six formal in-person mediation sessions with Mediator Rodney Max, an experienced independent mediator, and further engaged in additional extensive communications with the Mediator and each other.

F.      Plaintiff and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiff and Class Counsel believe that the claims asserted in the Action have substantial merit.  Plaintiff and Class Counsel requested, and the Taurus Companies and other parties produced, voluminous documents, data and other information in connection with the Action.  Class Counsel has also engaged in numerous discussions with the Taurus Companies' Counsel regarding those claims.  Class Counsel has also examined the benefits to be obtained under the terms of the Settlement and has considered the costs, risks and delays

2

associated with the continued prosecution of this complex and time consuming litigation and the likely appeals of any favorable rulings. Plaintiff and Class Counsel believe that, in consideration of all the circumstances and after prolonged and serious arm's-length negotiations with the Taurus Companies and its counsel, the Settlement reflected in this Agreement is fair, reasonable, adequate and in the best interests of Plaintiff and all Settlement Class Members.

G.     This Agreement resulted from and is the product of written and oral discovery, motion practice, numerous private mediation sessions, numerous meetings, and other hard-fought negotiations. Over the course of many months the Parties engaged in parallel heated litigation and settlement negotiations. At certain times, settlement talks broke down completely. However, on April 16, 2015, the Parties agreed to terms for the Settlement as reflected in this Agreement.

H.     The Taurus Companies have agreed to the class treatment of the claims asserted in the Action solely for the purpose of effectuating the compromise and settlement of those claims on a class basis, and deny that the Action could properly proceed on a class basis for purposes of litigation and trial.

I.     The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any Party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth in this Agreement.

J.      The Parties acknowledge that it is their intent to consummate the Settlement and this Agreement and agree to cooperate and use their best efforts to effectuate and implement the terms and conditions of this Agreement.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiff and the Taurus Companies agree to the Settlement, subject to approval by the Court, as follows:

## II.     DEFINITIONS

A.      In addition to the terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement and the attached exhibits:

1.      "Action" means *Chris P. Carter v. Forjas Taurus S.A., Taurus International Manufacturing, Inc., and Taurus Holdings, Inc.*, Case No. 1:13-cv-24583, pending in the United States District Court for the Southern District of Florida.

2.      "Agreement" means this Settlement Agreement and Release and the attached exhibits.

3.      "Claim Form" means the claim form to be submitted by Settlement Class Members pursuant to Section III.E of this Agreement, in the form attached as Exhibit A.

4.      "Claim Period" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive monetary relief as part of the Settlement.  The Claim Period shall not commence until 5 days after the Effective Date and can continue for 120 days thereafter.

5.      "Claims Administrator" means the third party administrator agreed to by the Parties and approved by the Court.

4

6.     "Class Counsel" means David Selby, II, and John Barrett of Bailey & Glasser, LLP and Todd Wheeles of Morris, Haynes, Wheeles, Knowles & Nelson.

7.     "Class Notice" means all types of notice that will be provided to the Settlement Class, pursuant to Section III.D of this Agreement, including Publication Notice and Website Notice, as well as any additional notice agreed to by the Parties and ordered by the Court prior to dissemination.

8.     "Class Period" means the period from when the Class Pistols were first distributed in the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam through, and including, the date of Preliminary Approval.

9.     "Class Pistols" means the following Taurus-branded Firearms: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.

10.     "Court" means the United States District Court for the Southern District of Florida.

11.     "Effective Date" means the fifth business day after the last of the following dates:

   a)   all Parties, the Taurus Companies' Counsel and Class Counsel have executed this Agreement;

   b)   the Court has entered the Final Approval Order substantially in the form attached as Exhibit B; and

   c)   the Final Approval Order has become a final, non-appealable judgment approving the Settlement in all respects  and no longer subject to review, rehearing, appeal, petition for allowance of appeal, petition for certiorari, or other review of any kind.

12.     "Final Approval Hearing" means the hearing at which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement

and determining the amount of fees, costs and expenses awarded to Class Counsel and the amount of the incentive payment to be awarded to Plaintiff.

13. "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement in connection with the Final Approval Hearing, substantially in the form attached as Exhibit B.

14. "Mediator" means Rodney Max of Upchurch Watson White & Max.

15. "Notice Program" means the methods provided for in this Agreement for giving notice of the Settlement as provided in Section III.D of this Agreement.

16. "Notice Deadline" means the first business day 75 days following entry of the Preliminary Approval Order.

17. "Opt-Out and Objection Deadline" means the first business day 60 days after the Notice Deadline.

18. "Party(ies)" means Plaintiff, individually and as Class Representative, and the Taurus Companies.

19. "Person(s)" means, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, , and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. The definition of "Person" does not include any governmental agencies or governmental actors, including, without limitation, any state Attorney General's office.

20.     "Publication Notice" means the summary notice of Settlement that will be published pursuant to Section III.D.1 of this Agreement, subject to the approval by the Court, substantially in the form attached as Exhibit C.

21.     "Preliminary Approval" means the Court's preliminarily approval of the Settlement.

22.     "Preliminary Approval Order" means the Court order preliminarily approving the Settlement substantially in the form attached as Exhibit D.

23.     "Releases" means all of the releases contained in Section III.M of this Agreement.

24.     "Released Claims" means all claims to be released as set forth in Section III.M of this Agreement.

25.     "Released Parties" means (a) Defendants; (b) the Taurus Companies; (c) the Taurus Companies' past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (d) the Taurus Companies' successors and predecessors and their past, present, and future direct and indirect owners, investors, parents, subsidiaries, suppliers, vendors, wholesalers, distributors, and other corporate affiliates; (e) all suppliers, distributors, wholesalers, re-sellers, vendors, retailers, advertisers, manufacturers, and suppliers of the Class Pistols, and all others in the marketing and distribution chains of the Class Pistols; and (f) for each of the foregoing Persons and the Taurus Companies, each of their past, present, or future officers, directors, shareholders, owners, investors, employees, contractors, consultants, insurers, insurance brokers, lawyers, accountants, advisors, representatives, agents, independent contractors, spokespersons, endorsers,

testimonials, principals, partners, affiliates, members, administrators, legatees, executors, heirs, estates, predecessors, successors, insurers, insurance agencies and assigns.

26.    "Releasing Parties" means Plaintiff and each and every Settlement Class Member who has not been recognized by the Court as excluded from the Settlement Class, on behalf of themselves and each of their respective heirs, trustees, executors, administrators, representatives, fiduciaries, principals, beneficiaries, assigns, agents, attorneys, partners, successors and predecessors-in-interest and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

27.    "Shipping Check List" means a shipping checklist to be completed by Settlement Class Members outlining the steps necessary to render the Class Pistol inert, packed safely and shipped in accordance with appropriate safety guidelines and governing laws and regulations.  The Safety Training will include specific information on the proper packing and shipping of Class Pistols. The Shipping Check List shall be approved by the Parties.

28.    "Safety Training" means special and particularized safety and related training available to Settlement Class Members.  The Taurus Companies shall develop the form, content and means of making this training material available to Class Members and shall have the right (but not the obligation) to update and modify available Safety Training.  Additionally, the Safety Training will include information on how to properly store, pack and ship the Class Pistols for return to the Taurus Companies. The Safety Training shall be coordinated and approved by the Parties.

29.    "Settlement" means the settlement into which the Parties have entered to resolve the Action.  The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

8

30.     "Settlement Administration Costs" means (i) all costs of providing notice to Persons in the Settlement Class (including, but not limited to, Publication Notice and Website Notice, and any additional notice that might be agreed to by the Parties and/or ordered by the Court); (ii) all costs of administering the Settlement, including, but not limited to, the cost of printing and mailing settlement payments and Claim Forms and the cost of maintaining a designated post office box for receiving Claim Forms; and (iii) the fees, expenses and all other costs of the Claims Administrator.

31.     "Settlement Benefits" means the following benefits available to Settlement Class Members:  the cash payments for the return of Class Pistols made available to Settlement Class Members which includes shipping costs to be paid by the Taurus Companies; the Enhanced Warranty, including shipping and inspection costs to be paid by the Taurus Companies; and the Safety Training.

32.     "Settlement Class" means: All Persons or entities of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one or more of the following Taurus-branded firearms on the date of preliminary approval: PT-111 Millennium; PT-132 Millennium; PT-138 Millennium; PT-140 Millennium; PT-145 Millennium; PT-745 Millennium; PT-609; PT-640; and PT-24/7.   Excluded from the Settlement Class are all state, local or federal governments, bodies or agencies; the District Court Judge and Magistrate Judge to whom the lawsuit is assigned and any member of their staffs and immediate families;  and all Persons or entities who validly request exclusion from the Settlement Class.

33.     "Settlement Class Member" means any Person or entity in the Settlement Class.

34.    "Successful Opt-Out" means any Person or entity who timely and validly exercises his, her, or its right to opt-out of the Settlement Class, pursuant to Section III.I of this Agreement and Federal Rule of Civil Procedure 23, but shall not include (a) a Person or entity whose opt-out is challenged by Plaintiff or the Taurus Companies, and the challenge is not overruled by the Court or withdrawn by the Party asserting the challenge, and (b) a Person or entity whose communication is not treated as an opt-out, as provided in Section III.I of this Agreement.

35.    The "Taurus Companies" means collectively Forjas Taurus, S.A., Taurus International Manufacturing, Inc. and Taurus Holdings, Inc.

36.    The "Taurus Companies' Counsel" means Smith, Gambrell & Russell, LLP.

37.    "Warranty Enhancement" means that the Taurus Companies will modify its existing warranty for all Class Pistols to allow any owner of any Class Pistol to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the safety defects alleged in the First Amended Complaint. The Taurus Companies will pay all costs associated with this enhanced warranty, including but not limited to the cost of shipping to and from the Taurus Companies.

38.    "Valid Claim Form" means a Claim Form submitted by a Settlement Class Member that (a) is submitted in accordance with the directions of the Claim Form and this Settlement Agreement; (b) is accurately, fully and truthfully completed and executed, with all of the information requested in the Claim Form by a Settlement Class Member; (c) is signed physically or by e-signature by a Settlement Class Member or Person with authority to sign for and bind a Settlement Class Member, subject to the penalty of perjury; (d) is returned via mail

and post-marked by the Claims Deadline or received by mail or on-line submission by midnight of the Claims Deadline Eastern Standard Time. The Claims Administrator may require additional information from a Settlement Class Member to validate the Claim. The Parties shall attempt in good faith to resolve any issues regarding the validity of a Claim Form submitted by a Settlement Class Member. Any such issues the Parties are unable to resolve will be resolved by a neutral third-party agreed upon by the Parties.

39.     The Website URL, layout, content, and SEO shall be reviewed and agreed to by the Parties. Settlement Class Members can visit the Website to read and request information regarding the Settlement.

40.     "Website Notice" means the website notice made available pursuant to Section III.D.2 of this Agreement and substantially in the form attached as Exhibit E.

B.      Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.    TERMS OF SETTLEMENT

A.      Certification of the Settlement Class for Settlement Purposes.  Solely for the purposes of settling the Action, providing Class Notice, and implementing this Agreement, the Parties agree to preliminary certification of the Settlement Class. Preliminary certification of the Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor are the Taurus Companies precluded from challenging class certification in further proceedings in this Action or in any other action or proceeding if the Settlement is not finalized or finally approved or is materially altered by the Court or any appellate court. If the Settlement is not finally approved for any reason whatsoever or is materially altered by the Court or any appellate court, the certification of the Settlement Class shall be void and vacated, and the

Action shall proceed as though the Settlement Class had never been certified, without prejudice to any Party to either request or oppose class certification. In such event, no doctrine of waiver, estoppel or preclusion may be asserted in any litigated certification proceedings in this Action or in any other action or proceeding. No agreements made by or entered into by the Taurus Companies in connection with the Settlement may be used by Plaintiff, any Person in the proposed Settlement Class or any other Person to establish any of the elements of class certification in any litigated certification proceedings, whether in this Action or any other action or proceeding.

B. <u>Preliminary Approval</u>: The Parties will move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D, which shall specifically include provisions that: (a) preliminarily approve the Settlement reflected in this Agreement as sufficiently fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval; (b) conditionally certify the Settlement Class for settlement purposes only and appoint Plaintiff as class representative and Class Counsel as counsel for the Settlement Class for settlement purposes only; (c) approve the forms of Class Notice and find that the Notice Program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (d) direct that notice be provided to the Settlement Class, in accordance with this Agreement; (e) establish a procedure for Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class, and set the Opt-Out and Objection Deadline; (f) approve the Claim Form substantially in the form attached as Exhibit A and the claims process described in this Agreement; (g) pending final determination of whether the Settlement should be approved, bar

and preliminarily enjoin all Settlement Class Members, directly, on a representative basis or in any other capacity, from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties; (h) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to effectuation of the Settlement; (i) approving and appointing a Claims Administrator to perform the tasks as set forth in this Agreement; (j) provide that no discovery (except for reasonable confirmatory discovery requested by Class Counsel) with regard to the Settlement Agreement or the proposed Settlement and its administration shall be permitted by any Settlement Class Member or any other Person, other than as may be directed by the Court upon a proper showing seeking such discovery by motion properly filed with this Court, noticed and served in accordance with the governing rules of procedure; (k) schedule a hearing on Final Approval of the Settlement, which shall be scheduled no earlier than fourteen (14) days after the Opt-Out and Objection Deadline and provide that this hearing may, from time to time without further notice to the Settlement Class, be continued or adjourned by order of the Court.

      C.    <u>Claims Administration</u>.

         1.    The Claims Administrator shall, subject to the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and

the Taurus Companies' Counsel, the Parties and their representatives promptly upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall promptly provide Class Counsel and the Taurus Companies' Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request or should it be reasonably advisable to do so, the Parties, in conjunction with the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator. Without limiting the foregoing, the Claims Administrator shall:

a) promptly forward upon request to the Taurus Companies' Counsel and Class Counsel, copies of all documents and other materials relating to the administration of the Settlement Agreement;

b) receive requests from Class Members to exclude themselves from the Settlement Class and promptly provide to Class Counsel and the Taurus Companies' Counsel a copy thereof upon receipt. If the Claims Administrator receives any requests for exclusion from Class Members after the Exclusion Deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and the Taurus Companies' Counsel;

c) provide reports and summaries, as requested, to Class Counsel and the Taurus Companies' Counsel, including without limitation, reports regarding the number of Claim Forms received and the identity of the Settlement Class Members;

d) employ reasonable procedures to screen Claims Forms for fraud, and shall reject a Claim Form, or any part of a claim for a payment reflected therein, where the Claims Administrator determines that there is evidence of fraud. The Claims Administrator will review each Claim Form based upon the initial submission by Settlement Class Member and ensure that each is complete, properly substantiated and, based on the substantiation, determine the benefit to be provided in accordance with the terms of this Agreement;

e) prepare a declaration attesting to compliance with the Class Notice requirements set forth below and identifying all opt-outs and/or objectors. Such declaration shall be provided to the Taurus Companies' Counsel and Class Counsel for filing with the Court no later than fourteen (14) days prior to the Final Approval Hearing;

14

f)   issue benefit checks.  The Taurus Companies are obligated to pay Valid Claims only.  All benefit checks issued pursuant to this Agreement shall bear in the legend that they expire if not negotiated within one hundred and eighty days (180) days of their date of issue.  To the extent that a benefit check issued to a Settlement Class Member is not cashed within one hundred and eighty days (180) days after the date of issue, the check will be void and deemed unclaimed property.  Accordingly, no uncashed settlement checks will revert to the Taurus Companies; and

g)   issue IRS 1099 forms as required by the Internal Revenue Code.

2.   After the Claims Administrator validates the claims submission for a cash payment, the Claims Administrator shall provide the Settlement Class Member with a preprinted label and Shipping Checklist so that the Class Pistol can be returned to the Taurus Companies.

D.   <u>Class Notice</u>.  Pursuant to the engagement referred to in Section III.C of this Agreement, the Claims Administrator shall provide and/or publish Class Notice in the forms approved by the Court, as detailed below.

1.   <u>Publication Notice</u>.  The Claims Administrator shall provide for Publication Notice to all Settlement Class members.  This Publication Notice shall be in a manner agreed to by the Parties and approved by the Court (in the manner set forth in the Notice Plan attached as Exhibit F) targeted to reach Settlement Class Members.  The Publication Notice shall refer possible Settlement Class Members to the Website Notice and provide a toll-free number for obtaining details regarding the Settlement and the Claim Form.  The Notice Plan attached as Exhibit F is determined to be the best notice practicable under the circumstances. The Parties and their counsel shall not issue additional or supplemental notice absent the consent of all Parties and prior Court approval.

2.   <u>Website and Website Notice</u>.  The Claims Administrator will establish and maintain a Website, which shall be interactive and dedicated to the Settlement.  The Website

shall post the Claim Form, a copy of this Agreement, the Preliminary Approval Order, the Website Notice, Class Counsel's request for attorneys' fees and costs, Class Counsel's request for a class representative award, the Safety Training being provided by the Taurus Companies, the Shipping Checklist and any other materials the Parties agree to include. These documents shall be available on the Website no later than the Notice Deadline. The Claims Administrator shall secure a URL for the Website selected by the Taurus Companies' Counsel and approved by Class Counsel. Ownership of the Website URL shall be transferred to the Taurus Companies within 10 days of the date which operation of the Website ceases. The Website shall be interactive, provide access to the Claim Form, Safety Training, Shipping Checklist and other information about the Settlement and on-line claims submission during the Claim Period. All tangible and electronic records generated from the Website will be made available to the Parties and the Court upon request.

3. <u>CAFA Notice</u>. Pursuant to 28 U.S.C. § 1715(b), not later than 10 days after this Agreement is filed with the Court, the Taurus Companies shall at their own expense serve upon the Attorneys General of each U.S. State in which there are members of the Settlement Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement. The Taurus Companies shall be responsible for filing a notice with the Court indicating compliance with the requirements of 28 U.S.C. § 1715(b).

E. <u>Settlement Benefits.</u>

1. In addition to the other benefits available under this Agreement, Settlement Class Members who complete, sign and timely submit a claim form will be able to

16

return their Class Pistols to the Taurus Companies at no cost to themselves and will be paid under the following schedule:

    a)   if less than 10,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $200;

    b)   if 10,001 to 20,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $175;

    c)   if 20,001 to 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be $150; and

    d)   if more than 200,000 Class Pistols are returned, the payment for each returned Class Pistol shall be less than $150 and shall be equal to $30 Million divided by the number of Class Pistols returned.

This benefit shall be paid on a weighted average so that all Class Pistols submitted will be paid the same value. So, for example, if there are 77,307 Class Pistols returned, then the Settlement Class Members would receive $160 per Class Pistol under the above schedule.

Notwithstanding the above or anything contained in this Agreement to the contrary, the maximum liability for the cash payments available to Settlement Class Members is capped at $30 Million to satisfy all Valid Claims. The actual amount paid to Settlement Class Members will depend upon the number of Class Pistols returned as set forth above.

    2.    <u>Enhanced Warranty</u>. As part of the relief available to the Settlement Class, the Taurus Companies have agreed to modify their existing warranty for all Class Pistols to allow any owner to submit a warranty claim (at any time) to have the Class Pistol inspected by the Taurus Companies at no cost to address the alleged safety defects. The Taurus Companies will pay all costs associated with this enhanced warranty, including but not limited to the cost of shipping to and from the Taurus Companies. This Enhanced Warranty is not subject to a time limitation and shall apply for the lifetime of the Class Pistol.

3.     Safety Training.  The Taurus Companies shall produce and make available special and particularized safety and related training available to Settlement Class Members.  The Taurus Companies shall develop the form, content and means of make this training material available to Settlement Class Members and shall have the right (but not the obligation) to update and modify available Safety Training.  Additionally, the Safety Training will include information on how to properly store, pack and ship the Class Pistols for return to the Taurus Companies.  The Taurus Companies may, but are not required, to modify or update its initial Safety Training in its sole discretion.

F.     Incentive Award.  The Taurus Companies will not object to an incentive award to Plaintiff so long as it does not exceed fifteen thousand dollars ($15,000) to be paid by the Taurus Companies, subject to Court approval.  Any incentive award shall be paid at the time benefit checks are sent to Settlement Class Members.  Court approval of the incentive award, or its amount, will not be a condition of the Settlement.  If the Court denies, in whole or in part, the incentive award, the remainder of the terms of this Agreement and of the Settlement shall remain in effect.  In addition, no interest will accrue on such amount at any time.

G.     Attorneys' Fees and Costs.  Plaintiff may move the Court for an award of attorneys' fees and costs to be paid by the Taurus Companies to Class Counsel.  Plaintiff and Class Counsel warrant and represent that any motion and/or application that they may file requesting an award of attorneys' fees and costs shall include within its scope all attorneys and law firms with a financial interest in such award with respect to the Action.  The Taurus Companies shall not object to such a motion as to fees and costs so long as the amount requested for all fees and costs is not more than $9,000,000, payable as set forth below.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  If the Court

denies, in whole or in part, Class Counsel's motion for fees and costs, the remainder of the terms of this Agreement and of the Settlement shall remain in effect. In addition, no interest will accrue on such amounts at any time.

Whatever amount of fees and costs is approved by the Court, up to $9,000,000, will be paid by the Taurus Companies as follows:

1/3rd on the first anniversary of the Effective Date;
1/3rd on the second anniversary of the Effective Date; and
1/3rd on the third anniversary of the Effective Date.

Upon the Effective Date of the Settlement the Taurus Companies will deliver to Bailey & Glasser LLP an indefeasible letter of credit ("LOC") from Wells Fargo Bank, N.A. for the full amount of the awarded amount of fees and costs in the form reasonably acceptable to Bailey & Glasser LLP. The sole presentment requirement under the LOC shall be a written certification from Bailey & Glasser LLP that a payment was missed. Upon such missed payment, Bailey & Glasser LLP shall be entitled to draw the entire remaining amount due under the LOC. Time is of the essence for delivery of the LOC and each payment due.

After each payment is timely made, Bailey & Glasser LLP will consent in writing to amendment of the LOC to reduce the amount due to the remaining amount owed. After the final payment, Bailey & Glasser, LLP will consent in writing to the extinguishment of the indefeasible letter of credit.

H.    <u>Effect on Settlement</u>. The Parties agree that any rulings of the Court regarding the amount of attorneys' fees, costs, and expenses or the amount of any incentive award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Agreement, and any determinations in that regard will be embodied in a separate order. Any order or

proceedings relating to the amount of attorneys' fees, costs, and expenses, or the amount of any incentive award, including any appeal from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement or this Agreement, affect the Releases provided for in this Agreement, or affect whether the Final Approval Order and Judgment becomes final as defined herein.

I.    Opt-Out Right/Termination.

1.    Opt-Out Requirements.    Settlement Class Members may opt-out of the Settlement by sending a written request to the Claims Administrator at the address designated in the Class Notice postmarked by the Opt-Out and Objection Deadline.  Exclusion requests must: (i) be signed by the Settlement Class Member for whom exclusion is requested; (ii) include the full name, address, and telephone number of the Settlement Class Member requesting exclusion; (iii) include substantially the following statement: "I request to be excluded from the settlement in the *Carter v. Forjas Taurus* action;" and (iv) list the make, model, year and serial number of all Class Pistol(s) owned by Settlement Class Member. No request for exclusion will be valid unless all of the information described above is included.   No Settlement Class Member, and no Person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Any Settlement Class Member who timely and properly submits a Request for Exclusion shall not (a) be bound by any orders or the Final Judgment and Order Approving Settlement nor by the Release contained herein; (b) be entitled to any relief under this Agreement; (c) gain any rights by virtue of this Agreement; (d) be entitled to object to any aspect of this Agreement; or (e) seek to intervene.  In the event that Settlement Class Members owning more than 15,000 Class Pistols

opt-out, then the Taurus Companies have the right, but not the obligation, to terminate this Settlement and return the Parties back to their pre-settlement positions.

      2.    <u>Retention of Exclusions</u>. The Parties shall instruct the Claims Administrator to retain a copy of all requests for exclusion and, upon written request, to provide copies of any such requests to counsel for the Parties within 5 business days of the opt-out. The Claims Administrator shall prepare a final list of Settlement Class Members who have validly requested exclusion from the Settlement, and the list will be attached as an exhibit to the Final Approval Order.

      J.    <u>Objections To The Settlement</u>.

      1.    <u>Right To Object</u>. Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive award, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the requirements set forth in Section III.J.2 below, by the Opt-Out and Objection Deadline. Any Settlement Class Member who does not provide a written objection in the manner described in this Section III.J shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or the award of any attorney fees and/or incentive award. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing, and any counsel that intends to appear on behalf of any Settlement Class Member, must file and serve on all Parties a Notice of Intention to Appear with the Court.

2.      Objection Requirements.  In order to object, a Settlement Class Member must file with the Court, and provide a copy to Class Counsel and the Taurus Companies' Counsel, a document that:

a)   includes the name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel;

b)   states all objections specifically and in writing;

c)   states whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

d)   includes statement of his/her membership in the Settlement Class, including all information required by the Claim Form; and

e)   includes a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

f)   Any Settlement Class Member who fails to file and serve timely a written objection and notice of his/her intent to appear at the Final Approval Hearing pursuant to this Section shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

g)   Any Settlement Class Member who submits a timely written objection shall consent to deposition by Class Counsel prior to the Final Approval Hearing.

3.      The Parties, their agents or attorneys may not engage in any confidential negotiations to either i) withdraw objections, or ii) pay any objector or their attorneys any compensation or fees.  Neither Class Counsel, the Taurus Companies' Counsel, the Parties, nor their representatives may pay any compensation to any person or their attorney in exchange for withdrawal of any bona fide objection.  Neither the Parties, Class Counsel, nor the Taurus

22

Companies' Counsel may pay, or cause payment of any fees to any objector to any objector unless those fees have been approved by the Court. The Notice Program shall include a provision notifying Settlement Class Members that any objections are waived on appeal unless the person presenting those objections files a written objection and appears at the final fairness hearing.

K.     Final Approval. Following provision of the Notice Program and expiration of the Opt-Out and Objection Deadline, Plaintiff shall promptly request that the Court enter the Final Approval Order substantially in the form attached as Exhibit B, and which shall include provisions that: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the Settlement Benefits; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members (except those who have timely and validly requested to opt-out of the Settlement Class) have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing as a plaintiff or class member any of the Released Claims against the Released Parties; and (f) dismiss the Action on the merits and with prejudice, without attorneys' fees or costs to any Party, except as ordered by the Court, and (g) retain continuing jurisdiction over the Settlement Class and the Settlement for the purpose of enforcement of the terms of this Agreement.

L.     Dismissal. Upon entry of the Final Approval Order, the Action shall be dismissed on the merits and with prejudice, and be res judicata, as to Plaintiff and all Settlement Class Members.

M.   <u>Release</u>.  By executing this Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, the Action shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Released Parties.  The Final Approval Order shall provide for and affect the full and final release, by Plaintiff and all Settlement Class Members, of all Released Claims.

The Released Claims include all known and unknown claims, actions, and causes of action relating to the Settlement Class Members' purchase and/or ownership of the Class Pistols. This Settlement covers and includes all such claims, actions, and causes of action, for losses or damages of any type and specifically provides the following release:

> The Releasing Parties fully release and forever discharge the Released Parties from any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing now or arising in the future, whether known or unknown, both at law and in equity which were or could have been brought against the Taurus Companies based upon, arising from, or related in any way related to the design and manufacturing of the Class Pistols or any component parts thereof, whether arising under statute, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi-contract, unjust enrichment, express warranty, implied warranty, and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, or any other legal or equitable relief.  Released claims also include any claim for attorneys' fees, expenses, costs, and catalyst fees under any state's law or under federal law.

> Provided, however this Release specifically excludes claims for death, personal injury, or damage to property other than the Class Pistols themselves.

24

Without limiting the foregoing, the release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This Paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

      N.    <u>Stay/Bar Of Proceedings</u>. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in this Action agree not to pursue any claims or defenses otherwise available to them, and no Person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Settlement Class

Member, or acting on a representative basis or in any other capacity, will commence, prosecute, intervene in, or participate in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties. However, this Stay/Bar of Proceedings shall not apply to claims for death, personal injury, or damage to property other than the Class Pistols themselves. The proposed order submitted on a motion for Preliminary Approval will contain an injunction enjoining Settlement Class Members from commencing, prosecuting, intervening in, or participating as a plaintiff or class member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims. The Settlement is conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Approval Order.

O. <u>No Admissions</u>. The Taurus Companies expressly disclaim and deny any wrongdoing or liability whatsoever. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Taurus Companies of any liability or wrongdoing by the Taurus Companies or any of their affiliates, agents, representatives, vendors, or any other Person or entity acting on their behalf, and shall not be construed or deemed to be evidence of an admission or concession that any Person suffered compensable harm or is entitled to any relief. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Taurus Companies; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Taurus Companies in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal; or

(iii) is or may be deemed a waiver of the Taurus Companies' right to challenge class certification if this Settlement for any reason does not become final.

     P.    <u>Notices</u>.  Unless otherwise indicated in this Agreement, all notices to counsel provided for in this Agreement shall be sent by e-mail, with a hard copy sent by overnight mail to:

| <u>As to Plaintiff and the Settlement Class:</u> | <u>As to the Taurus Companies:</u> |
| --- | --- |
| David L. Selby, II | John P. Marino |
| Bailey & Glasser LLP | Smith, Gambrell & Russell, LLP |
| 3000 Riverchase Galleria, Suite 905 | 50 North Laura Street, Suite 2600 |
| Birmingham, Alabama 35244 | Jacksonville, Florida 32202 |
| dselby@baileyglasser.com | jmarino@sgrlaw.com |

## IV.    **GENERAL PROVISIONS**

     A.    <u>Settlement Conditioned Upon Approval</u>.  The Taurus Companies and Plaintiff shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other within thirty (30) days of: (a) the Court's declining to enter the Preliminary Approval Order in the form attached in any respect; (b) the Court's refusal to approve this Settlement or any part of it; (c) the Court's declining to enter the Final Approval Order in the form attached in any respect; (d) any appellate Court in this Action entering an order which invalidates or disapproves the Settlement, in whole or in part, or which alters any term of this Agreement without the Party's written consent; or if (e) the Effective Date does not occur.

     B.    <u>Evidentiary Preclusion</u>.  The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used

as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In addition, neither the fact of, nor any documents relating to, the Taurus Companies' withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file the Settlement Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

C.    Effect of Nonapproval. In the event that this Agreement is not approved by the Court in substantially its present form, any objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in this Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. In such event, this Agreement and Settlement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement and Settlement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class

Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.

D.    No Opinion Regarding Tax Consequences. The Parties and their counsel express no opinion concerning the tax consequences of this Settlement to individual Settlement Class Members and make no representations, warranties or other assurances regarding such tax consequences.  No opinion, representations, warranties, or other assurances shall be deemed to have been made by the Parties or their counsel with respect to such tax consequences by virtue of this Agreement or by effectuating this Settlement, and the Parties and their counsel shall not be held liable for any such tax consequences that may occur.  The Website Notice will direct Settlement Class Members to consult their own tax advisors regarding any tax consequences of the Settlement, including any payments or benefits provided hereunder, and any tax reporting obligations they may have with respect thereto.  Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

E.    Support from the Parties.  After a full investigation, discovery and arms-length negotiations, the Parties and their counsel have independently determined that this Settlement is in the best interest of the Settlement Class; shall support motions for Preliminary Approval and Final Approval; and will not encourage any Persons or entity from opting out or objecting.

F.    No Other Rights Affected.  Nothing contained in this Agreement or in any proceedings concerning the Settlement or this Action shall in any way affect the rights of the Taurus Companies to seek coverage or recovery from any Person or entity for the losses and/or costs or expenses the Taurus Companies have incurred in connection with or arising from the

Case 3:22-cv-00885-VAB Document 156-7 Filed 02/13/24 Page 30 of 36

Action except that the Taurus Companies waive any rights to seek recovery from Plaintiff, Class Counsel, and Settlement Class Members for such losses and/or costs or expenses. All such rights and remedies are specifically retained and preserved to the Taurus Companies.

G.     No Other Expense. Except as expressly provided in this Agreement, the Taurus Companies shall bear no other expenses, costs, damages or fees alleged or incurred by Plaintiff or any Settlement Class Member, or any of their attorneys, experts, advisors, agents or representatives in connection with this Action.

H.     Time Periods. The time periods and dates described in this Agreement with respect to the giving of Class Notice and hearings will be subject to Court approval and modification by the Court with the consent of the parties.

I.     No Construction Against Drafter. This Settlement Agreement will be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter will not apply.

J.     Entire Agreement. This Agreement contains the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest and their respective counsel, and approved by the Court.

K.     Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without reference to internal choice of law principles.

L.     Authority. Plaintiff and the Taurus Companies represent and warrant that the Persons signing this Agreement on their behalf have full power and authority to bind every

Person, partnership, corporation, or entity included within the definitions of Plaintiff and the Taurus Companies to all terms of this Agreement. Any Person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

M.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Release contained in this Agreement, received independent legal advice with respect to the advisability of entering this Agreement and the Release, and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

N.    <u>Agreement Binding on Successors in Interest</u>. This Agreement is binding upon, and shall inure to the benefit of, each of the Parties and their respective agents, attorneys, employees, successors and assigns, and upon all other Persons claiming any interest in the subject matter of this Agreement through any of the Parties, including any Settlement Class Member.

O.    <u>Execution in Counterparts</u>. The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures exchanged by facsimile or electronic transmission shall be deemed original signatures.

P.    <u>Miscellaneous Provisions</u>.

1.    Each exhibit to this Agreement is incorporated by reference and made a part of this Agreement.

2.      The provisions of this Agreement may be waived only in a writing executed by the waiving Party.  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver by that Party or by any other Party of any other prior or subsequent breach of this Agreement.

3.      Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

4.      This Agreement has been carefully read by each of the Parties, or the responsible officers thereof, and its contents are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

5.      No Party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

6.      The Court shall retain exclusive and continuing jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, of any orders or the Final Approval Order entered by the Court, and/or of the conduct or policies and procedures described in this Agreement.  The Parties, including the Settlement Class Members, submit to the continuing jurisdiction of the Court for these purposes.

**[SIGNATURE PAGES TO FOLLOW]**

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of May 15, 2015:


By: _____
        Chris P. Carter, Plaintiff


TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: _____


TAURUS HOLDINGS, INC.

By: _____
Its: _____


FORJAS TAURUS, S.A.

By: _____
Its: _____

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of _____, 2015:

By: _____    5/15/15
Chris P. Carter, Plaintiff

TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: President / CEO

TAURUS HOLDINGS, INC.

By: _____
Its: President / CEO

FORJAS TAURUS, S.A.

By: _____
Its: _____

33

IN WITNESS WHEREOF, intending to be legally bound, the Parties have caused this

Agreement to be executed as of _____, 2015:

By: _____
    Chris P. Carter, Plaintiff

TAURUS INTERNATIONAL MANUFACTURING, INC.

By: _____
Its: _____

TAURUS HOLDINGS, INC.

By: _____
Its: _____

FORJAS TAURUS, S.A.

By: _____
Its: _____

Thiago Piovesan
Vice-Presidente Administrativo e Financeiro
Diretor de Relações com Investidores
Vice-President Administrative & Finance
Investor Relations Officer

Eduardo Ermida Moretti
Forjas Taurus S.A.
Vice-Presidente
Vendas e Marketing

33

**APPROVED AS TO FORM:**

BAILEY & GLASSER LLP

By: _David Selby, II_

David Selby, II, Class Counsel

MORRIS, HAYNES, WHEELES, KNOWLES & NELSON

By: _Todd Wheeles_

Todd Wheeles, Class Counsel

**APPROVED AS TO FORM:**

SMITH, GAMBRELL & RUSSELL, LLP

By: _John P. Marino_

John P. Marino, Counsel for the Taurus Companies