UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIG SAUER, INC. | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) Civil Action No.: 3:22-cv-00885-VAB |
| v. | ) <br> ) |
| JEFFREY S. BAGNELL, ESQ., LLC, <br> and JEFFREY S. BAGNELL. | ) <br> ) <br> ) |
| *Defendants*. | ) <br> ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
### LEAVE TO FILE SEALED DOCUMENT AS ADDITIONAL EXHIBIT

Plaintiff SIG Sauer, Inc. opposes Defendants' "Motion for Leave to File Sealed Document as Additional Exhibit" filed on May 15, 2025 (ECF No. 203). Defendants attempt to use this document in this case violates a Protective Order issued by another federal court, and in any event no good cause exists to receive this as an exhibit in connection with the permanent injunction trial concluded more than a year ago concerning specific false depictions of internal parts and dimensions in the Animation created by Defendants at issue in this Lanham Act case.

Defendants' Motion seeks leave to file a document entitled "MHS Pistol Failure Modes, Effects, and Criticality Analysis" ("FMECA"). SIG produced the document in connection with a completely different case, and as Defendants themselves note, expressly designated it as "Confidential" pursuant to the Protective Order issued by the court in that case. ECF No. 202. On May 14, without any notice to Plaintiff, without first obtaining leave of this Court to file the document, without any notice to SIG's counsel in the case in which the document was produced subject to a Protective Order, and without asking for permission from the court that issued the Protective Order governing this document, Defendants unilaterally filed the document under seal

1

with this Court (ECF No. 201) and publicly filed (twice) a partially redacted version of the document (ECF Nos. 200-1 & 202-1).  Defendants' Motion should be denied for at least three distinct reasons.

*First*, Defendants' filing of the FMECA is in plain violation of a Protective Order issued by a federal district judge in an ongoing litigation, *Ahern v. Sig Sauer, Inc.*, No. 21-cv-11007 (DJC), ECF No. 54 (D. Mass. July 11, 2022).  *See* Stipulated Confidentiality Agreement and Protective Order ("*Ahern* Protective Order"), attached as **Exhibit A**.  The *Ahern* Protective Order, signed by Judge Casper of the District of Massachusetts on July 11, 2022, establishes procedures for designating, handling, and restricting the disclosure and use of confidential information—including trade secrets or proprietary or confidential research, development or commercial information—produced in that case, ensuring such materials are used solely for the *Ahern* lawsuit and not disclosed or used for any other purpose.  *Id.*

Mr. Bagnell is a counsel of record in the *Ahern* case, which is presumably how he gained access to a document designated "Confidential" pursuant to the Protective Order in that case. The FMECA is clearly subject to the *Ahern* Protective Order, and Defendants' filing of it (both under seal and partially redacted on this Court's public docket) plainly violates numerous provisions therein.  *See, e.g.*, *id.* ¶¶ 8-9 (providing that confidential information "shall not be revealed, discussed, or disclosed in any manner, in any form, to any person" other than the *Ahern* Court, certain parties to the *Ahern* case, their counsel and employees, designated experts or consultants, and other persons agreed by the parties or ordered by the Court); *id.* ¶ 11 (providing that all confidential and highly confidential information shall be used "solely for purposes of [the *Ahern*] lawsuit" and not "in any other legal proceeding"); *id.* ¶ 12 (requiring persons to whom the confidential documents are disclosed to be subject to the terms of the protective order); *id.* ¶

14 (requiring that an attorney wishing to file or use confidential materials as exhibits "must provide reasonable notice to the producing party of the intended use of such information"); *id.* ¶ 7 (requiring any party wishing to file materials containing confidential information with the Court to first "move in advance of that filing to impound the information in accordance with Local Rule 7.2," and file such materials under seal).

Defendants' disregard of their obligations under the *Ahern* Protective Order provide ample grounds, on their own, to deny Defendants' Motion.

*Second*, the FMECA is not relevant to the Lanham Act issues tried before this Court—namely, the creation of the Animation at issue in this case and the specific false depictions of internal parts of the P320 contained therein. The document has absolutely nothing to do with the Defendants' creation of the Animation at issue in this case – Defendants acknowledge they did not have it at any time relevant to creating the Animation and there is nothing in it that has any bearing whatsoever on the numerous specific intentional distortions and false depictions in the Animation. In any event, Defendants take out of context and mischaracterize the document—it was submitted to the U.S. Department of Defense in 2017 to fulfill one of many specific DoD contract data requirements in connection with the SIG M17/M18 Modular Handgun System being supplied to the U.S. military. After considering a substantial amount of information as well as rigorous and extensive testing, the Army selected SIG's M17/M18 to be the sidearm deployed by the Army. There is no reason for the Court to re-open the trial record to consider this document—SIG would then have the need to present factual and expert testimony as to the U.S. military's determination that the M17 and M18 pistols were the best possible firearms for use by the Army. None of this would shed any light on the basis for the Animation or any relevant legal issue under the Lanham Act. Defendants' latest effort (see ECF Nos. 181, 183, 187, 195) to

divert this Court's attention from the focus of this case, which Judge Meyer stated at trial was "the basis for the video," should be rejected.

*Third*, Defendants assertion that Plaintiff "withheld the document in this case in violation of its initial discovery obligations" is simply wrong. ECF No. 203. As Defendants and their counsel well know, discovery in this case was tailored to Plaintiff's Lanham Act claim and the specific false depictions made by Defendants in the Animation at issue. Defendants initially requested broad discovery, but even their broadest requests did not seek documents concerning the M17/M18 Modular Handgun System that SIG is supplying to the U.S. military. Regardless, SIG objected to Defendants' overbroad requests as not proportional to the needs of this case and on various other grounds, and clearly identified that it was producing only the multiple expert reports and related materials concerning the expert analysis of the Animation at issue. Discovery was overseen by the Court (both Judge Meyer and Magistrate Judge Spector dealt with various discovery matters, see e.g., transcripts of hearings/conferences occurring on March 10, 2023, March 30, 2023, and September 15, 2023). Not once did Defendants challenge Plaintiff's objections to their overbroad requests or seek additional documents.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion.

Dated:  May 16, 2025                                   Respectfully submitted,

                                                       SIG Sauer, Inc.

                                                       By its attorneys,


                                                       */s/ Anthony D. Mirenda*

                              Anthony D. Mirenda (*pro hac*)
                              Caroline Holliday (*pro hac*)
                              Foley Hoag LLP
                              155 Seaport Boulevard
                              Boston, Massachusetts 02210-2600
                              Telephone:  617-832-1000
                              Facsimile:  617-832-7000
                              adm@foleyhoag.com
                              cholliday@foleyhoag.com

                              James R. Smart (CT Bar ct20982)
                              Koch, Garg, Walker & Smart, LLP
                              1177 High Ridge Rd.
                              Stamford, CT 06905
                              Telephone: 203-461-1056
                              james@kgwslaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this date, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: May 16, 2025　　　　　　　　　　　*/s/ James Smart*
　　　　　　　　　　　　　　　　　　　　James Smart