# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS R. AHERN, | : |
| Plaintiff, | : |
| | : NO. 1:21-cv-11007-DJC |
| vs. | : |
| SIG SAUER, INC., AND CITY OF CAMBRIDGE | : JURY TRIAL DEMANDED |
| Defendants, | : |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**WHEREAS,** Plaintiff Thomas R. Ahern filed this lawsuit to recover damages that allegedly arise out of a discharge of a firearm that occurred on May 19, 2019;

**WHEREAS**, Plaintiff alleges, among other things, that the Sig Sauer P320 model pistol used by Plaintiff at the time of his accident was defective and discharged without a trigger pull;

**WHEREAS**, Plaintiff has alleged that Defendant Sig Sauer, Inc. bears responsibility for the design, manufacture and/or distribution of the subject firearm;

**WHEREAS**, the information to be disclosed in discovery includes information and documents from Sig Sauer, Inc. that relate to the design, manufacture, testing, marketing and distribution of the subject P320 model pistol at issue in this action, information and documents from Plaintiff that relate to personal records pertaining to his employment and medical history, and information and documents from Defendant City of Cambridge that relate to personnel files, investigations relating to the Plaintiff's alleged uncommanded discharge of the subject P320 model pistol at issue in this action, and other documents and correspondence from the City of Cambridge that are not public record;

{00479531.DOCX}

**WHEREAS**, Plaintiff, Sig Sauer, Inc., and the City of Cambridge agree that some of the requested materials constitute confidential information, trade secrets and/or commercially sensitive material, the uncontrolled dissemination of which could materially and detrimentally impact Sig Sauer, Inc.,the Plaintiff and the City of Cambridge;

**IT IS HEREBY STIPULATED** by and between the parties hereto, through their respective counsel, subject to approval of the Court, that a Protective Order as set forth hereinafter be entered.

**IT IS HEREBY ORDERED THAT:**

1. Each party may designate as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY'S EYES ONLY any highly personal information or trade secret or other information believed in good faith by the designating party to be proprietary or confidential research, development, or commercial information. Defendant Sig Sauer, Inc. specifically designates the following information as confidential to the extent it is produced:

    (a) testing records;

    (b) design drawings;

    (c) product specifications;

    (d) internal research information;

    (e) internal financial information; and

    (f) manufacturing specifications.

Documents that include design drawings and specifications and other similar information which otherwise satisfies the requirements of this paragraph and which is considered to be trade secret information and so sensitive as to be restricted to the attorneys for the party receiving discovery of such information may be designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY.

Additional documents not falling under the above-listed categories may be designated as CONFIDENTIAL INFORMATION under the terms of this agreement.

2. This Confidentiality Agreement and Protective Order (hereinafter "Agreement") shall be applicable to all depositions, interrogatories, document productions, requests for admission, responses to any such discovery requests, and any other discovery requests or responses made in this lawsuit entitled "*Thomas R. Ahern v. Sig Sauer, Inc., et al.*," pending in the United States District Court for the District of Massachusetts, Case No.: 1:21-cv-11007-DJC (hereinafter referred to as the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with this Lawsuit, that produces documents, information, or testimony (including by deposition or at trial), which contains or is designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY'S EYES ONLY in accordance with the procedures set forth herein.

3. For purposes of this Agreement, CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY may include or be included in any document, physical object, tangible thing or the factual knowledge of persons, such as by way of example and not by limitation, recorded statements of counsel, transcripts, pleadings, motions, briefs, answers to interrogatories and other responses to discovery requests, drawings, compositions, devices, company records and reports, summaries, notes, abstracts and any other instrument which contains CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY.

4. Any information or documents produced at any time, either voluntarily or pursuant to order, orally or in writing in this litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

  a. Documents and things shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL INFORMATION," "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY"; and

  b. If such CONFIDENTIAL INFORMATION is contained or given in any deposition testimony, trial testimony or any other testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Agreement by notifying the parties on the record at the time the testimony is given, or in writing within thirty (30) days of receipt of the transcript by specifying the specific pages and lines of the transcript which contain such CONFIDENTIAL INFORMATION.

  5. Access to and review of CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY shall be had at a location and in a manner agreed upon by the producing party and the receiving party.

  6. The restrictions upon, and obligations accruing to, persons who become subject to this Agreement shall not apply to any information produced in accordance with this Agreement as to which this Court or another court having jurisdiction over the production of information for this matter rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION or CONFIDENTIAL-ATTORNEY'S EYES ONLY as defined in Paragraph 1 hereof.

  7. If a party desires to file anything with the Court that includes CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY, including all depositions, or any portion or portions of depositions which contain(s) CONFIDENTIAL

INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY, that party must move in advance of that filing to impound the information in accordance with Local Rule 7.2. Where any CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY is included in any papers filed with the Court, such papers shall be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, an identification of the contents of such sealed envelope or container, and the legend: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [date of order allowing motion pursuant to Local Rule 7.2] and CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER."

8. All CONFIDENTIAL INFORMATION shall be held in confidence and shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

   a. The Court in this Lawsuit or any other court having jurisdiction over discovery procedures in this Lawsuit; a deponent, during the course of his or her examination, who is a current or former employee of any of the parties, or is an author, addressee, or other recipient of such material;

   b. Counsel for Plaintiff or Defendants retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them;

   c. The parties or their employees;

    d.    Any experts or consultants used or retained by counsel to the extent deemed necessary by counsel to aid in the prosecution, defense, appeal, or settlement of this Lawsuit. Prior to receiving any information designed CONFIDENTIAL INFORMATION, any such expert or consultant must first be shown a copy of this Agreement and must sign a declaration in the form of Exhibit A (the "Declaration"). Such Declaration shall be retained by counsel for the receiving party and must be disclosed to the producing party upon designation of such person or expert or upon reasonable request; and

    e.    Such other persons as may be subsequently designated either by written agreement of the parties after a request by one of them, or by order of the Court upon motion of either party, after notice to the opposing party.

9.    Any information designated as CONFIDENTIAL-ATTORNEY'S EYES ONLY shall not be revealed, discussed, or disclosed in any manner, in any form, to any person or entity other than:

    a.    the outside attorneys for a party and those employed in the course of assisting such attorneys, including, without limitation, graphics consultants, outside copy services, paralegals, and office personnel;

    b.    the inside attorneys for a party and paralegals and office personnel assisting them;

    c.    the Court, court reporters, and court personnel in any further proceeding herein;

      d.    testifying or consulting experts who are not currently employed by a party, provided that, no fewer than fourteen (14) days in advance of disclosure to any such expert, the party that has retained such expert shall notify the producing party in writing of the name of the person(s) to whom such disclosure is to be made, providing at that time a document (in the form of Exhibit A hereto) signed by the person(s) to whom such disclosure is to be made, together with the curriculum vitae of the person(s) to whom such disclosure is to be made. The producing party shall then have fourteen (14) days after receipt of such notice within which to object in writing to such disclosure. If such objection is made, no disclosure shall be made without Order of the Court, but the producing party shall have the burden of establishing the basis for the asserted objection; and

      e.    such other persons as the parties may agree to in writing or as the Court may, upon hearing, so direct.

10. Attendance at a deposition at which CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for the court reporter and any interpreters, if necessary.

11. All CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY produced in accordance with the provisions of this Agreement shall be used by the recipient solely for purposes of this Lawsuit. Use for purposes of this Lawsuit by the recipient shall mean use only in prosecuting or defending this Action, in testimony and exhibits at the trial and appeal of this Lawsuit, or in connection with motions, depositions or witness preparation subject

to the restrictions of this Agreement, but such use shall not include, *inter alia*, use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale, or marketing of any product (including without limitation software), process, or service, or for purposes of publicity, or in any other legal proceeding.

12. If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY shall be made to persons other than those identified in Paragraph 8 above, such CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Agreement, and such persons shall be considered subject to this Agreement, unless the Court orders that the information is not CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY as defined in Paragraph 1 hereof.

13. If a party to this Agreement who is to receive or receives any CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY in accordance with this Agreement disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in full or in part, such receiving party shall notify the designating party in writing, and the recipient and the designating party shall thereupon confer as to the status of the subject information proffered within the context of this Agreement. If the recipient and the producing party are unable to agree upon the status of the subject information within two weeks (or within such shorter time as may be indicated by the circumstances), any party to this Agreement may challenge the propriety of such designation by a motion to the Court, which shall decide the issue. A party may challenge the propriety of a confidentiality designation at any time during the pendency of the litigation. The Court may raise the issue of designation of information as confidential without any request from a

party. All materials will be filed under seal, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this Lawsuit, until the Court has decided on the propriety of such designation.

14. If any party or attorney wishes to file, or use as an exhibit or as testimonial evidence at a hearing or trial, any CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY material, such party must provide reasonable notice to the producing party of the intended use of such information. The parties shall then attempt to resolve the matter of continued confidentiality by either (a) removing the CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) conferring about methods to avoid or limit public disclosure of such information during testimony. In the event that the parties are unable to meet-and-confer in advance regarding the appropriate method for filing documents containing or attaching CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY materials, the party seeking to file such documents may file a redacted pleading containing placeholder exhibits identifying by Bates number the documents containing CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY information that would have been used as exhibits, to be supplemented with redacted or de-designated exhibits in the record after the parties have agreed upon the appropriate method for filing these documents. If an amicable resolution proves unsuccessful, the parties may present the issue to the Court for resolution in accordance with Paragraph 13. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with local rules, procedures, and governing jurisprudence.

15. Upon the final termination or completion of this Lawsuit, each receiving party shall destroy or return to the producing party all CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY and all non-privileged copies thereof made or received by or on behalf of the receiving party. This destruction or return of all CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY shall be done within fourteen (14) days of the entry of final judgment or the signing and filing of a settlement agreement along with the accompanying dismissal of the action. All copies of CONFIDENTIAL INFORMATION and CONFIDENTIAL-ATTORNEY'S EYES ONLY which are privileged because of notations thereon by counsel or counsel's agents, representatives, experts, or consultants for the non-producing party shall be destroyed by counsel or counsel's agents, representatives, experts, or consultants for the non-producing party with a declaration with confirmation of such receipt or destruction provided in writing.

16. A party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY which are not marked or designated in accordance with Paragraph 4 above. A party may at any time after the disclosure mark or designate such documents or copies of those documents as containing CONFIDENTIAL INFORMATION and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY in accordance with Paragraph 4. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality or privilege, or other grounds of immunity from discovery as to any other document, thing, or information.

17. Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

{00479531.DOCX}                                    -10-

18. This Court shall retain jurisdiction of all matters pertaining to this Agreement, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Agreement. This Agreement shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Agreement.

19. All parties agree that this Agreement will not be used as evidence of the existence of a party's contact with the State of Massachusetts should any party raise jurisdiction as an issue in this Lawsuit.

20. This Agreement shall be governed and construed in accordance with the law of the Commonwealth of Massachusetts.

**IT IS SO ORDERED:**

**DATED: JULY 11, 2022**

*Denise J. Casper*
**DENISE J. CASPER**
**UNITED STATES DISTRICT JUDGE**

**STIPULATED, AGREED, AND CONSENTED TO:**

/s/ Michelle R. Pascucci
Peter K. Levitt, BBO# 565761
 pkl@dcglaw.com
Michelle R. Pascucci, BBO# 690889
 mrp@dcglaw.com
Donnelly Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880

 /s/ Richard E. Bennett
Paul Michienzie, BBO# 548701
  pmichienzie@masatlaw.com
Richard E. Bennett, BBO# 037740
  rbennett@masatlaw.com
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel: 617-227-5660
Fax: 617-227-5882

/s/ Jeffrey S. Bagnell
Jeffrey S. Bagnell, BBO # 561013
  jeff@bagnell-law.com
Admitted Pro Hac Vice
Jeffrey S. Bagnell, Esq., LLC
55 Post Road West
Westport, Connecticut 06880
(203) 984-8820

 /s/ Brian Keith Gibson
Brian Keith Gibson (*pro hac vice*)
  Keith.Gibson@littletonpark.com
Littleton Park Joyce Ughetta & Kelly LLP
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: 914-417-3400
Fax: 914-417-3401

*Counsel for Plaintiff Thomas R. Ahern*

 /s/ Diane O. Pires
Diane O. Pires, BBO# 681713
 dpires@cambridgema.gov
City of Cambridge Law Department
Cambridge City Hall
795 Massachusetts Avenue
Cambridge, Massachusetts 02139
(617) 349-4121

/s/ Kristen E. Dennison
Kristen E. Dennison (*pro hac vice*)
  kristen.dennison@littletonpark.com
Littleton Park Joyce Ughetta & Kelly LLP
201 King of Prussia Road, Suite 220
Radnor, Pennsylvania 19087
484-254-6220.

*Counsel for Defendant City of Cambridge*

*Counsel for Defendant Sig Sauer, Inc.*

# EXHIBIT "A"

**DECLARATION**

I, _____, declare as follows:

I understand that the information and/or documents to be provided to me marked as CONFIDENTIAL and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY are subject to a protective order in the case *Thomas R. Ahern v. Sig Sauer, Inc. et al.*, United States District Court for the District of Massachusetts, Case No.: 1:21-cv-11007-DJC and constitute confidential information that is to be used only for the purpose of this Lawsuit. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

I have read the Confidentiality Agreement and Protective Order entered in this case and agree to be bound by its terms. I understand that I may not copy or otherwise disseminate any confidential information received by me in the course of this case in any way not prescribed by the Protective Order. I further understand that I must return all copies of confidential information upon request at the conclusion of this matter.

I hereby stipulate to the jurisdiction of this Court with regard to any proceedings to enforce the terms of the Confidentiality Agreement and Protective Order against me, whether by way of contempt of court, by a civil action for injunction(s) and/or monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____

This _____ day of _____, 202_

_____

{00479531.DOCX}