UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIG SAUER, INC.,<br><br>        Plaintiff<br><br>    v.<br><br>JEFFREY S. BAGNELL, ESQ., LLC,<br>and JEFFREY S. BAGNELL<br><br>        Defendants. | CIVIL ACTION NO. 1:22-cv-00078 |

**REPLY**

Bagnell parties make a few points in reply:

1.    Bagnell parties have materially complied with the Protective Order Sig references. They asked the Court for permission to file the document under seal to protect the alleged confidential nature of the document - - despite Sig admitting that it was provided to the Department of Defense (Def. Opp., p. 4) and would therefore presumably be accessible through FOIA.

Bagnell parties are also *parties* in this case. Sig filed this vexatious SLAPP suit against them, with no notice, more than three years ago to disrupt his trial preparation in *Guay v. Sig* and otherwise harm his reputation in the run up to that trial. In other words, to weaponize the judicial system. As parties, they have a right to submit documents in defense of the suit under the Federal Rule of Civil Procedure. The Protective Order recognizes this fact:

> 17. Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

If the Court prefers that Bagnell parties seek the permission of Judge Casper to file the document under seal, they will do so. This is what Sig would no doubt prefer. It will further

1

the process of harassing Bagnell by forcing him to have a judge sitting on a case in which he is counsel devote her precious time to reviewing this case, and the absurd falsity allegations made by Sig, in the run up to trial in that case.

2. Sig's claim that the FMECA document is not "relevant" to the Animation at issue, or does not relate to the P320, simply cannot be taken seriously. In that document Sig admits that there is a high risk of vibration making the P320 fail catastrophically, which is precisely what the Animation portrays. It is a *third* admission by a party opponent on the core issue in the case; the first being the August 4, 2017 press release, and the second the 2018 Sig patent application. To suggest that Judge Meyer would not have found this internal testing document, concealed in discovery for more than eight years in other cases, at least relevant during the two-day injunction trial is not credible.[1]

3. There is nothing "false" in the Animation. No images were "manipulated" at any time and Bagnell parties are fatigued by Sig's interminable attempts to smear him. Bagnell parties have already briefed this issue extensively.

Respectfully submitted,

JEFFREY S. BAGNELL, ESQ., LLC, and
JEFFREY S. BAGNELL,


*/s/ Jeffrey S. Bagnell*
Jeffrey S. Bagnell
Federal Bar No. CT18983
55 Post Road West

---

[1] In footnote 14 to his July 10, 2023 decision, Judge Meyer stated: "[b]ecause the [Bagnell parties] CUTPA claim is premature, I have no reason at this time to address whether the CUTPA claim would be precluded on its merits by the litigation privilege. See generally Dorfman, 342 Conn. at 619- 20 (litigation privilege bars CUTPA claim based on intentionally false discovery responses but "[o]ur holding leaves open the possibility that other CUTPA claims may not be barred by absolute immunity under the litigation privilege"). *In the event that there is a termination of this litigation in the defendants' favor, they may seasonably re-plead their CUTPA claim if they have good faith grounds to allege that its falls outside the scope of the litigation privilege.*15 Doc. #82 at 73 (¶ 136), p. 9, fn. 14. (emphasis supplied).

Suite 200
Westport, Connecticut 06880
(203) 984 8820
jeff@bagnell-law.com

John W. Madigan, III
30 Old King's Highway South
Suite 215
Darien, Connecticut 06820
jwm3esq@gmail.com

Dated:  May 19, 2025

**CERTIFICATE OF SERVICE**

      I, Jeffrey S. Bagnell, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                */s/ Jeffrey S. Bagnell*
                                                                Jeffrey S. Bagnell

Dated:  May 19, 2025