UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIG SAUER, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY S. BAGNELL, ESQ., LLC, and JEFFREY S. BAGNELL, <br><br> Defendants. | CIVIL ACTION NO. 1:22-cv-00078(VAB) |

**DEFENDANTS' OBJECTION
TO PLAINTIFF'S REQUEST FOR SANCTIONS**

Plaintiff Sig Sauer Inc. seeks sanctions based on the claim that counsel improperly disclosed portions of an internal safety analysis Sig authored in 2017. That document was filed with redactions applied using an Adobe® method counsel believed to be secure and compliant with applicable rules and protective order. At no time did Bagnell parties disclose the unredacted document to anyone - other than the Clerk of Court. The ability to view the underlying content resulted from a third party's ability to defeat the redactions, a technique not known to defendants.

In sum, the disclosure was inadvertent and not sanctionable.

**I.     Legal Standard**

Sanctions under the Court's inherent authority, Rule 11, or Rule 37 require a showing of bad faith, willfulness, or conduct amounting to gross negligence, and actual prejudice to the moving party's ability to litigate the case. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Courts have consistently declined to impose sanctions where an inadvertent disclosure was the result of a third party's independent actions. *Smith v. Westchester Cnty. Dep't of Corr.*, 2014 WL 2777393, at *3 (S.D.N.Y. June 19, 2014).

**II.    Discussion**

Counsel acted in good faith in preparing and filing the redacted version of the document. The method used to apply the black-box redactions was the same one commonly employed in federal litigation and was believed to be secure. There was no intent to reveal any confidential information, nor any knowledge that the redactions could be removed through electronic means. As noted, the unmasking of the text was accomplished by a third party after the document had been on the docket for over two months.

The material at issue does not constitute trade secrets within the meaning of the law. It contains historical safety test results from 2017, not proprietary formulas, source code, or commercially sensitive technical specifications. Because the disclosure was unintentional and caused by forces outside counsel's control, sanctions are unwarranted.

Defendants' have no objection to plaintiff's Motion to Seal so that the information previously marked Highly Confidential by is redacted to make it impossible for the public to view as it requests.

**III.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's request for sanctions.

        Respectfully submitted,

        JEFFREY S. BAGNELL, ESQ., LLC, and
        JEFFREY S. BAGNELL,

        ___/s/ John W. Madigan III_____
        John W. Madigan, III
        30 Old King's Highway South
        Suite 215
        Darien, Connecticut 06820
        jwm3esq@gmail.com

          */s/ Jeffrey S. Bagnell*
          Jeffrey S. Bagnell
          Federal Bar No. CT18983
          55 Post Road West
          Suite 200
          Westport, Connecticut 06880
          (203) 984 8820
          jeff@bagnell-law.com

## CERTIFICATE OF SERVICE

    I, Jeffrey S. Bagnell, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

          */s/ Jeffrey S. Bagnell*
          Jeffrey S. Bagnell

Dated:  July 29, 2025