UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIG SAUER, INC., | : | Case No. 3:22-cv-00885 (VAB) |
| | : | |
| *Plaintiff,* | : | |
| v. | : | |
| JEFFREY S. BAGNELL, ESQ., LLC, : | : | |
| and JEFFREY S. BAGNELL, | : | |
| *Defendants.* | : | May 2, 2026 |

**DEFENDANTS' NOTICE
REGARDING SIG SAUER INC. USE OF MARCH 20, 2026 RULING IN
<u>SEPARATE PROCEEDING</u>**

Bagnell parties respectfully bring to the Court's attention that Plaintiff Sig Sauer, Inc. has

filed this Court's March 20, 2026 Ruling and Order as a primary exhibit in support of a 29-page

motion in limine, filed under seal, seeking to disqualify not one but all three of Plaintiff's liability

experts - - Timothy Hicks, Peter Villani, and James Tertin - - in the District of Massachusetts.[1]  The

motion was filed in *Ahern v. Sig Sauer, Inc.*, No. 1:21-cv-11007-DJC (D. Mass.), in support of a

motion in limine to exclude Plaintiff's expert witnesses approximately one month before trial.  More

than a year ago, Judge Casper ruled that all three may testify in her 50-page ruling denying Sig

summary judgment on December 16, 2024.

Defendants submit this notice because Sig's conduct reflects an improper attempt to convert

a narrowly cabined Lanham Act advertising injunction into a Daubert ruling in a separate federal

court action that would supersede the existing admissibility determinations of a sitting federal judge.

---

[1]     Sig's filing of the March 20, 2026 decision in *Ahern* is dated is in a sealed motion in limine dated April 30, 2026. Docket No. 234.  A jury trial in *Ahern* is scheduled to commence next month.

This Court carefully limited the reach of its March 20, 2026 Ruling and Order. The ruling states: "[t]his permanent injunction shall not be construed to affect the ability of the Defendants to use any image, take any position, or make any argument to a court in any other litigation, as the Defendants' conduct in the course of other litigation is subject to the determinations of that other court." March 20, 2026 Ruling and Order at 18–19. Footnote 47 was equally clear: "this Court takes no position whatsoever as to the admissibility of this version of the Animation in a court of law. That issue is one within the discretion of any court addressing this version of the Animation in the context of a specific case." Id. at 17 n.47.

This Court did not address expert admissibility. It did not purport to evaluate methodology under Rule 702.  It decided what it deemed an advertising case under the Lanham Act.

Sig's filing in *Ahern* treats the March 20, 2026 Ruling and Order as a de facto Daubert ruling that supersedes Judge Casper's December 2024 admissibility determinations in that case. Judge Casper denied Sig's motions to exclude Timothy Hicks, Peter Villani, and James Tertin under Fed. R. Evid. 702 after full briefing and denied Sig's motion for summary judgment. *Ahern v. Sig Sauer, Inc.*, No. 1:21-cv-11007-DJC, D. 179 (D. Mass. Dec. 16, 2024). Sig never sought and this Court never issued any ruling on the admissibility of those experts' opinions under Rule 702. Having failed to exclude those experts in the District of Massachusetts after full Daubert briefing, Sig now seeks to accomplish through this Court's March 20th ruling what it could not accomplish through the proper gatekeeping process in the court where those experts will testify. That is not a legitimate use of the court's order.

Defendants respectfully submit that this Court should be aware that its carefully limited

ruling is being deployed in a collateral proceeding to obtain Daubert relief that this Court never addressed and that Judge Casper already denied. This conduct is consistent with the pattern

Defendants have identified in their pending post-trial motions that this litigation has been used not to

resolve a genuine advertising dispute (the animation was removed from Bagnell's media more than

four years ago voluntarily) but to impair Defendants' ability to litigate P320 product liability cases in

other courts as in *Guay v. Sig Sauer, Inc*.

Respectfully submitted,

JEFFREY S. BAGNELL, ESQ., LLC, and
JEFFREY S. BAGNELL,


___/s/ John W. Madigan III_____
John W. Madigan, III
30 Old King's Highway South
Suite 215
Darien, Connecticut 06820
jwm3esq@gmail.com


*/s/ Jeffrey S. Bagnell*
Jeffrey S. Bagnell
Federal Bar No. CT18983
55 Post Road West
Suite 200
Westport, Connecticut 06880
(203) 984 8820
jeff@bagnell-law.com

## **CERTIFICATE OF SERVICE**

I, Jeffrey S. Bagnell, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jeffrey S. Bagnell*
Jeffrey S. Bagnell

Dated:  May 2, 2026